SARAH WYATT AND OTHERS V. MONROE AND BROTHER.

Where a party has been placed in possession of premises by the sheriff of the county, by virtue of a writ of possession issued in his favor from the District Court, such entry is under color of lawful authority.

If an entry be made under such color of lawful authority, and be peacefully acquiesced in by the party from whom the possession was taken at the time of the execution of the writ, such facts do not present a case which would authorize proceedings under the statute of forcible entry and detainer for the recovery of the possession, by the party from whom the possession was so taken, against the party so put in possession.

In a proceeding under the statute of forcible entry and detainer, which has been removed to the District Court by *certiorari*, such court is under no obligation to adjudicate the rights of the parties respecting the title of either to the premises in controversy.  The only question presented is as to the right of the complainant to recover the possession by proceedings under the statute.

Whether the writ of possession, by virtue of which the defendant was put in possession as above stated, was rightfully issued, and what were the ultimate rights of the parties, were questions not before the court.

APPEAL from Gonzales.  Tried below before the Hon. Fielding Jones.

Sarah Wyatt, for herself and B. L. Buchannan, administrator of the estate of W. H. Wyatt, deceased, the appellants, instituted

Wyatt v. Monroe.

proceedings before a justice of the peace against Hugh W. and John Munroe, under the statute of forcible entry and detainer, to recover possession of three lots in the town of Gonzales. There was a judgment in the justice's court in favor of the complainants. Hugh W. and John Munroe removed the case by *certiorari* to the District Court. It was in proof that Monroe and brother had been put in possession of the lots in controversy by the sheriff of Gonzales county, by virtue of a writ of possession issued from the District Court of said county in their favor; and that, at the time of the execution of the writ, Mrs. Wyatt acquiesced in the action of the sheriff. Many other facts were in evidence, but the view of the case taken by the court, render it unnecessary to state them further. There was a verdict in the District Court in this case for Monroe and brother, and judgment was rendered accordingly. New trial was refused, and the complainants appealed.

*Parker & Miller*, for appellants.—Insisted that the writ of possession was issued without authority of law; that there was no judgment authorizing its issuance; hence, the entry was not given by law.

*Mills & Harwood*, for appellees.—This is not a case of tenancy. The appellees having entered lawfully and without force, there can be no unlawful or forcible detainer under the statute. (O. & W. Dig., art. 932.) Taking peaceable possession of the premises of another, under color of right or title, will not authorize the writ. (Botts v. Armstrong, 8 Porter, 57.)

BELL, J.—There are many questions suggested and argued by the counsel in their briefs, which we do not deem it necessary to notice. We are of opinion that the judgment of the District Court, upon the merits of the case, is correct. It clearly appears that the appellees, Monroe and brother, were placed in possession of the premises in controversy, by the sheriff of the county, by virtue of a writ of possession, issued in their favor, from the District Court. The entry, therefore, being under color of lawful authority, and peacefully acquiesced in by the party from whom

Wyatt v. Monroe.

the possession was taken by the officer, the facts do not present a case which authorized proceedings under the statute of forcible entry and detainer for the recovery of the possession by Mrs. Wyatt. (See the case of Cooper v. Marchbanks, 22 Tex., 1.) The District Court was under no obligation, in a proceeding under the statute of forcible entry and detainer, to adjudicate the rights of the parties respecting the title of either to the premises in controversy. The only question presented was as to the right of Mrs. Wyatt to recover the possession by proceedings under the statute. The facts showed that the premises had been set apart for her use by the County Court. The tenant in possession referred the sheriff to her as the party who controlled the premises. In reply to the sheriff's demand upon her to surrender the premises in obedience to the writ under which he acted, she expressed a willingness to respect the writ, and the appellees were placed in possession peaceably. Whether the writ was rightfully issued, and what were the ultimate rights of the parties, were questions not before the court. Upon the case presented, the judgment was correct, and is affirmed.

Judgment affirmed.