MOSES PETREE, executor, &c., and FANNIE P. COTTLE, administratrix, &c., vs. CATHARINE M. LANSING, impleaded with Robert Lansing, executor, &c.

The plaintiffs, separate creditors of an estate, instituted a suit in equity to compel an accounting by the executor, and to set aside a lease made by him as fraudulent. The complaint alleged that the action was instituted in behalf of the plaintiffs in their respective characters and of all other creditors of the estate who might choose to come in and avail themselves of the decree. One of the defendants, in her answer, pleaded a misjoinder of plaintiffs; to which portion of the answer the plaintiffs demurred. *Held* that the demurrer was well taken. And that if there was a misjoinder of parties plaintiff, that defect appeared on the face of the complaint, and the defendant waived the objection by omitting to demur.

*Held, also,* that there was no misjoinder of parties.

Whenever there are creditors, or other persons, having demands cognizable in equity, and of equal standing, upon a common fund or estate out of which they claim to be paid, the proper course is for them to unite in one action, in behalf of all; and a complaint filed by one in behalf of all, is not multifarious.

APPEAL from a judgment of the Special Term of Herkimer county, overruling the demurrer of the plaintiffs to the third defence of Catharine M. Lansing, and dismissing the complaint as to her.

*O. O. Cottle,* for the appellants.

*Burrows & Palmer,* for the respondents.

*By the Court,* TALCOTT, J. This is a suit in equity instituted by Moses Petree as surviving executor of Daniel Petree, and Fannie P. Cottle as administratrix of Joram Petree, against Robert Lansing as executor of Frederick Lansing, and Catharine M. Lansing. The plaintiffs allege an indebtedness of Frederick Lansing to Moses Petree, for money paid by David Petree for the use of Frederick Lansing as his surety on a note, and a similar claim in behalf of Joram Petree. The complaint alleges that by the will of Frederick Lansing, Robert Lansing his executor was clothed with a power

of sale of the real estate of Frederick Lansing, for the payment of his debts ; that the said executor by certain fraudulent practices acquired the legal title to a valuable real estate of which his testator died seized, and that he then, conspiring with the defendant Catharine to defraud the plaintiffs as creditors of said Frederick, conveyed the said real estate to Catharine for life, reserving a pepper corn rent, and without other consideration. And that the estate of Frederick Lansing is insolvent. The suit is instituted in behalf of the said plaintiffs in their representative characters, respectively, and of all other creditors of the estate of Frederick Lansing who may choose to come in and avail themselves of the decree. And the complaint seeks an account of the estate and assets of Frederick Lansing, and to set aside the alleged fraudulent lease to Catharine, and a sale of the property with a distribution of the proceeds among the creditors of the estate of Frederick Lansing.

The third answer of the defendant Catharine is as follows : "That the plaintiffs are not jointly interested in the subject matters stated in the complaint, and cannot maintain this action jointly : and the defendants say there is a misjoinder of plaintiffs."

This answer is interposed in connection with a general denial, except as to certain matters, and other denials of fact. The plaintiffs demurred to this third answer. The demurrer was overruled by the Special Term, upon the ground that the plaintiffs cannot join in this action ; and the complaint was upon that ground dismissed as to the said defendant Catharine.

It is quite clear that the demurrer was well taken, and should have been sustained. If there was a misjoinder of parties plaintiff that defect appeared upon the face of the complaint, which fully sets out the respective claims and titles to relief of the plaintiffs. Where this is the case the defendant waives the objection if he omits to demur. He cannot at the same time both demur and

Petree *v.* Lansing.

answer to the same matters; nor can he avail himself of a defence which should be raised by demurrer, by setting up in his answer the legal objection which appears on the face of the complaint. (*Zabriskie* v. *Smith*, 13 *N. Y.* 322. *Patchin* v. *Peck*, 38 *id.* 39. *De Puy* v. *Strong*, 37 *id.* 372.)

But there was no misjoinder of parties. The suit was properly commenced in the name of both the parties, for themselves and all other creditors of the estate of Frederick Lansing who should choose to come in and avail themselves of the proceeding. The defendant Robert Lansing is on the face of the complaint a trustee. The creditors are *cestuis que trust*, each having his claim against the common fund, and the demands of the plaintiffs and all other creditors of the estate are cognizable in equity. (*Story's Eq. Jur.* §§ 532, 538.)

Whenever there are creditors, or other persons, having demands (which are cognizable in equity of equal standing) upon a common fund or estate out of which they claim to be paid, the proper course is for them to unite in one bill in behalf of all. Such a bill is not multifarious. (*Lentilhon* v. *Moffat*, 1 *Edw. Ch.* 451.) "A very common species of suit by creditors is, that wherein a few file a bill in behalf of themselves and the other creditors of their deceased debtor, against his representatives, for an account and application of his assets, real as well as personal, in payment of their demands." (*Barbour on Parties*, 385. *Story's Eq. Jur.* § 538.)

The judgment appealed from must be reversed, and judgment ordered for the plaintiffs on the demurrer, with costs, and with costs of the appeal to the respondents.

MULLIN, P. J., did not sit.

Judgment reversed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Talcott* and *E. D. Smith*, Justices.]