## W. S. BOOTHE V. ROSA H. FIEST ET AL.

### No. 3090.

1. **Plea in Abatement by Defendant Setting up Residence Elsewhere.**—Whenever a defendant pleads his privilege of being sued in the county of his residence he should aver not only that he resides in some other county than that in which he is sued, but also that he is not a resident of the latter county, and should also negative the existence of other facts which would give the jurisdiction of the suit.

2. **Venue in Fraud.**—In article 1198, Revised Statutes, the exception applies as well to constructive as to actual fraud. Land was conveyed by deed absolute in its terms but in trust to secure a loan. The grantee in breach of his duty sold the land to *bona fide* purchasers. Such sale was fraudulent and gave jurisdiction where it was committed.

3. **Practice.**—Where a defective plea to the jurisdiction was stricken out and there was no issue as to the jurisdiction of the court below, alleged errors upon the question will not be revised. No such issue remained before the trial court.

4. **Measure of Damages.**—The owner of land conveyed by deed absolute but in trust to secure a loan from the grantee sued the grantee for the land, or its value in event it could not be recovered; alleging that in fraud of the rights of plaintiff the defendant had sold the land. It appearing on the trial that the land had passed into the hands of *bona fide* purchasers, *held*, that the measure of plaintiff's right to recover was the value of the land at day of trial less the debt secured and interest; or the money realized by defendant in his sale with interest, less the amount of the debt secured.

APPEAL from Harris. Tried below before Hon. James Masterson. The opinion contains a statement.

*Price & Green* and *A. T. Patrick*, for appellant.—1. A defendant can not be sued out of the county of his residence by the joinder of a fictitious or improper party, or by false allegations in the petition, which allegations have the effect to support the venue. Rev. Stats., art. 1198.

A defendant can not be sued out of the county of his residence by the joinder of a fictitious, improper, or unnecessary party: Railway v.

Mangum, 68 Texas, 342; Henderson v. Kissam, 8 Texas, 46; Pool v. Pickett, 8 Texas, 122; Roan v. Raymond, 15 Texas, 78.

The right to maintain the suit out of Boothe's county must depend upon the existence of the facts which constitute the exception to the statute, and not upon the mere allegation of such facts: Hilliard v. Wilson, 76 Texas, 180.

In a plea of privilege to be sued in the county of residence it is sufficient to anticipate and negative such exceptions as are applicable: Freiberg v. Greenlay, 2 Ct. App. C. C., sec. 547; Little v. Woodbridge, 1 Ct. App. C. C., sec. 153.

2. The court below erred in rendering a judgment *in personam* against the defendant Boothe, for that the jurisdiction of the court below as to this defendant depended on the truth of the plaintiffs' allegations of collusion and conspiracy between this defendant and each of the defendants Cave and Vasmer; the falsity of which this defendant set up in his plea in abatement and in his original answer, and which the plaintiffs made no effort to prove, and which they abandoned in open court and virtually dismissed as to the defendants Cave and Vasmer. Roan v. Raymond, 15 Texas, 78; Henderson v. Kissam, 8 Texas, 46; Little v. Woodbridge, 1 Ct. App. C. C., sec. 154; Gouhenant v. Anderson, 20 Texas, 459.

3. The court below erred in its general charge to the jury wherein it charged in effect on the measure of damages that if Boothe sold said land without Fiest's authority to do so he would be responsible to Mrs. Fiest for the full value of the land at any time before the institution of this suit, and if said land was the separate property of Mrs. Rosa H. Fiest your verdict should be for her for the full value of said land as already stated above.

(1) For that said charge assumes fraud on the part of defendants. For that the jury was thus precluded from passing on the question of good faith on the part of Boothe, and on the question of Boothe's obtaining full value for said land at time of sale.

(2) For that said charge did not correctly give the law of the measure of damages. That if the land is taken or the value thereof totally destroyed by the negligence or wrongful act of another the owner would be entitled to recover the actual cash value of the land at the time of taking or destruction of its value, with legal interest thereon to time of trial. Railway v. Schofield, 72 Texas, 496, 499, and cases cited.

Or, at the option of plaintiff, he can be required as trustee to account for its proceeds with interest: Field's Lawyers' Briefs, sec. 643, and cases cited.

*E. Raphael* and *C. W. Bocock*, for appellees.—1. The court did not commit error in sustaining the plaintiffs' exceptions to the defendant Boothe's plea in abatement, for the following reasons, to-wit:

(1) Because said plea did not say that the defendant Boothe was not a resident of Harris County, Texas, where the suit was pending, and did not say where he did reside.

(2) Because the said plea failed to negative the existence of any of the exceptions which under the statute would authorize jurisdiction where the suit was brought, to-wit, in Harris County, Texas. Rev. Stats., art. 1198; Crawford v. Carothers, 66 Texas, 199; Thomson v. Locke, 66 Texas, 383; Stark v. Whitman, 58 Texas, 375; Watson v. Baker, 67 Texas, 50, and cases there cited.

2. The court below committed no error in rendering a judgment on the verdict of the jury against the defendant W. S. Boothe, for the jurisdiction of the court below over the defendant Boothe in no way depended on the allegations of collusion and conspiracy between Boothe and each of the defendants Cave and Vasmer; but

(1) On the fact that the said defendant Boothe failed to interpose his plea of privilege to be sued in the county of his residence in the manner and at the time required by law, and upon his voluntarily submitting himself to the jurisdiction of the court below by his general demurrer and his pleas of general denial and not guilty, filed in said court on October 10, 1890.

(2) Because the defendants Cave and Vasmer, who were necessary and proper parties to this suit, resided in Harris County, Texas, where the suit was pending.

(3) Because this was a suit to recover lands and to remove incumbrances upon the title, and to quiet the title to the lands in Harris County, Texas, where the suit was pending.

(4) Because defendant Boothe fraudulently converted the lands sued for and fraudulently sold same to his codefendants Cave and Vasmer, in Harris County, Texas. Rev. Stats., art. 1198; Watson v. Baker, 67 Texas, 50; Crawford v. Caruthers, 66 Texas, 199; Stark v. Whitman, 58 Texas, 196; Evans v. Mills, 16 Texas, 196; Thompson v. Locke, 66 Texas, 383; Mann v. Falcon, 25 Texas, 271.

3. "If the land is taken or the value thereof totally destroyed by the negligence or wrongful act of another, the owner would be entitled to recover the actual cash value of the land at the time of taking or destruction of its value, with legal interest thereon to the time of trial." 72 Texas, 496; Houston County v. Dwyer, 59 Texas, 113.


GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellee Rosa H. Fiest, joined by her husband, against appellant, and also against E. W. Cave and E. H. Vasmer. It was alleged in the petition that Rosa Fiest was the owner of a certain tract of land therein described lying in Harris County, and that in order to secure the payment of the sum of $500 borrowed by her husband of the appellant she, together with her husband, executed to appellant a conveyance in form an ab-

solute deed, but which was intended as a mortgage of the land only. It was further alleged that Boothe, in order to defraud the plaintiff Rosa, colluded with his codefendant Cave to make a sale to him of a part of the land, and accordingly conveyed such part to Cave, who had knowledge of the plaintiff's rights in the premises. A similar allegation was made with reference to a conveyance of the remaining parcels to defendant Vasmer.

The plaintiffs prayed for a recovery of the land, and in the event that the court should be of the opinion that they were not entitled to that relief, they prayed that the plaintiff should have judgment against defendant Boothe for its value. The residence of Boothe was alleged to be unknown, but plaintiffs averred that they believed it to be in De Witt County. Cave and Vasmer were alleged to reside in Harris, the county in which the suit was brought.

The defendant Boothe interposed a plea in abatement of the suit, in which he alleged "that before and at the commencement of this action and of service of process herein he, the said defendant, resided in the county of De Witt and had his domicile therein; that the defendants Cave and Vasmer are *bona fide* purchasers for value without notice of plaintiffs' pretended adverse claim, and never colluded with defendant Boothe as charged by plaintiffs, and defendant has parted with all claim of rights, title, and interest in and to said land long prior to the institution of this suit, which facts were well known by plaintiffs, who brought suit for said lands and joined the said Cave and Vasmer as the said Boothe's codefendants for the purpose of maintaining action against said defendant out of the county of his residence for the alleged wrong complained of by plaintiffs, and all of this defendant is ready to verify."

A demurrer was sustained to this plea, and in this ruling there was no error. It is well settled that whenever a defendant pleads his privilege of being sued in the county of his residence he should aver not only that he resides in some other county than that in which he is sued but also that he is not a resident of the latter county, and should also negative the existence of every state of facts which would give the court jurisdiction of the suit. Admitting then that the plaintiffs knew they could not recover the land as against the defendants Cave and Vasmer, and that they made them parties defendant for the fraudulent purpose of depriving the defendant Boothe of the privilege of being sued in De Witt County, there still remained in the petition allegations of fact which set up a cause of action against Boothe for his breach of trust. If the deed made to him by plaintiffs was intended to take effect only as a mortgage, his sale of the land without consent of the plaintiffs was a fraud upon their rights, and a suit to recover damages for the tort may have been properly brought in any county in which the fraud was perpetrated—that is to say, in which the sale was made. Rev. Stats., art. 1198, exception 7. The exception in the statute applies as well to con-

structive as to actual fraud.   Stanley v. Westrop, 16 Texas, 200.   It
follows that in order to have made the plea of privilege good the de-
fendant should have averred that the sale of the land was not made in
Harris County.   The defendant should also have alleged that he did not
reside in that county.   Crawford v. Caruthers, 66 Texas, 199.   But it
may be that the omission was rendered unimportant by the allegation
as to his residence in plaintiffs' petition.   But we need not decide the
question.

Appellant's second, third, fourth, and fifth assignments of error com-
plain of rulings of the court upon the question of jurisdiction.   Since
the exception to defendant Boothe's plea of privilege had been stricken
out there was no longer any question of jurisdiction before the court.
This is an answer to each of these assignments and also to the seventh,
which complains of the verdict because there was no finding upon the
issue as to the jurisdiction of the court.   There was no such issue be-
fore the jury.

In regard to the measure of damages the court instructed the jury
that if they found that the deed was intended as a mortgage, and if
Boothe sold the land to Cave and Vasmer without the consent of plaint-
iffs, and if Cave and Vasmer were innocent purchasers, "he (Boothe)
would be responsible to Mrs. Fiest for the full value of the land at any
time before the institution of the suit," etc.   We are of opinion that
this charge is erroneous.   The case is a peculiar one and it is not easy
to find an exact precedent.   The wrong is somewhat in the nature of
the conversion of personal property, in which the measure of redress
is the recovery in money of a sum equal to the value of the property
at the time of the conversion.   In Phillips v. Herndon, 78 Texas,
378, in which the appellee after making a bond for title to convey land
upon the payment of the purchase money conveyed it to an innocent
holder for value, it was held that if the original purchase money had
been paid, the heirs of the vendee (he being dead) were entitled to re-
cover of the vendor at least the value of the land at the time of the
second sale.   So also there are cases growing out of contracts for the
sale of merchantable commodities to be delivered in future, in which
the purchaser in case of the default of the seller is entitled to recover
the highest market price of the commodity at any time between the
date at which it was to have been delivered and the day of the trial.
But none of these is the case we have before us.   As applied to such a
case the rule in equity is stated to be that "the *cestui que trust* may com-
pel the trustee to purchase other lands of equal value, or the *cestui que
trust* may elect to take the proceeds of the sale with interest."   2 Perry
on Trusts, sec. 844 and cases cited.   This rule would indicate that where
the beneficiary sues for compensation and not for the proceeds of the
sale with interest the measure of his recovery would be the value of the

land at the time of the trial; and we think such the proper rule in this case.

We are also of opinion that appellant should be entitled to a deduction from the value of the land of an amount equal to his debt and the interest thereon until the time of the trial, unless the defendant elects to take the proceeds of the sale, in which event the interest should be counted only to the day of the sale.

The jury in their verdict deducted the appellant's debt but did not make any deduction for interest after the date of its maturity.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 6, 1891.