### L. A. PIRES V. E. L. SNODGRASS.

No. 564.—Decided June 10, 1897.

**Liens—Purchase by Junior Incumbrancer—Off-set—Rescission.**

Owners of land incumbered by a deed of trust conveyed it to defendant, taking each separate notes from him for the amount of their several interests (those given to plaintiff being the ones sued on in this action). Afterwards, by agreement among themselves, they had the land sold under the prior deed of trust to a purchaser who conveyed it to a corporation organized for that purpose, in which they each received stock proportional to the amount each held in defendant's notes given for the land on its sale to him. Held,

(1) Defendant had no right to or interest in the stock of the new company which would give him a right to set off against plaintiff's notes the value of the stock received by him. (Pp. 107, 108.)

(2) The case did not fall within the rule of Boothe v. Fiest (80 Texas, 141), as to the defendant's right to off-set against the notes the value of his interest in the land; but if that right were admitted it would not justify an instruction for defendant where the value of such interest was not proven. (P. 108.)

(3) If the sale to defendant was an executed contract, as appeared from the record, no express lien being reserved, plaintiff could not rescind the contract by taking possession of the land. (P. 108.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

*Cobb & Avery*, for plaintiff in error.—The Court of Civil Appeals erred in holding that the evidence was sufficient to warrant the trial court in charging the jury to return a verdict for the defendant, and that plaintiff in error was not in an attitude to claim a recovery on the notes, and that he having become a party to the agreement to take charge of the land in the manner agreed upon, and accepting stock in the new company for the amount of the notes held by him, the notes were thereby cancelled and he became precluded from enforcing further payment of the same. Scarbrough v. Alcorn, 74 Texas, 358; 2 Jones, Mort., secs. 950, 955, 1884; Marsh v. Hubbard, 50 Texas, 203; Howard v. McNaught, 43 Am. St. Rep., 837; Blumberg v. Birch, 99 Cal., 416; Hedge v. Holmes, 10 Pick. (Mass.), 380; Fenton v. Lord, 128 Mass., 466; 8 Am. and Eng. Ency. Law, 264.

The Court of Civil Appeals erred in holding that plaintiff in error by his acts assisted in depriving defendant in error of the land, without defendant in error securing in return any benefit therefrom, as the record shows that plaintiff in error did nothing except assent to the understanding that the Security Mortgage & Trust Company should sell out the land under its deed of trust.

The Court of Civil Appeals erred in holding in its opinion upon the motion for rehearing that Pires, by reason of his participation in, or rather ratification of the acts of the other parties holding liens on the land, in selling the same under trust deed in the manner as was done, and in taking stock in the new company formed to the full amount of his claim, by which Snodgrass was deprived of the land, and Snodgrass not objecting thereto, he is in no condition to hold his interest in said land and collect from Snodgrass said notes.

*Harris, Etheridge & Knight*, for defendant in error.

BROWN, Assòciate Justice.—The facts of this case, as we glean them from the statement made by the Court of Civil Appeals, are in substance as follows: On the 7th day of October, 1889, the Security Mortgage & Trust Company of Dallas, had a deed of trust upon two tracts of land, one for 163 acres and the other for 132 acres, parts of a 640-acre survey in Dallas County in the name of William Myers, which two tracts of land were owned subject to the said mortgage by L. A. Pires and others, the said Pires owning one-fifth interest in the said land.

On the 7th day of October, 1889, the owners of the said land sold it to E. L. Snodgrass by separate deeds, each taking notes for the interest due to him. L. A. Pires sold his one-fifth interest and received in part payment therefor four notes sued upon in this case. Two of said notes recited that they were for part of the purchase money of the 163 acres, and the other two notes recited that they were for a part of the purchase money of the 132 acres, but there is nothing in the record to show that the vendor's lien was reserved in the notes or the deed.

The Security Mortgage & Trust Company owned $22,000 of the notes given by Snodgrass for the purchase money of the land; J. C. O'Connor, J. T. Trezevant and J. T. Dargan each owned an amount not stated in the record—L. A. Pires holding and owning the four notes sued on, all of which constitute a second lien upon the two tracts of land, as above stated.

At some time prior to April 1, 1893, the Security Mortgage & Trust Company, O'Connor, Trezevant, Dargan and Pires entered into an agreement that the land should be sold under the deed of trust held by the Security Mortgage & Trust Company to secure a note of $9000 and interest, and that it should be bought in by some person as trustee who should hold it for the benefit of the said Security Mortgage & Trust Company, O'Connor, Trezevant, Dargan and Pires

until a corporation could be formed under the laws of the State to receive the title, when the trustee should convey the land to such corporation, and that paid up capital stock of the said corporation should be issued to the said Security Mortgage & Trust Company, O'Connor, Trezevant, Dargan and Pires each in a sum equal to the amount of his part of the debt which constituted a second lien upon the said land.

On April 1, 1894, the sale was made under the deed of trust held by the Mortgage & Trust Company, and J. C. Cowan bid the land in in accordance with the agreement made, and the land was conveyed to him without any consideration paid therefor. After that time, a corporation was formed and organized under the name of the Summit Town Lot Company, to which Cowan conveyed the land in pursuance of the said agreement and without any consideration paid to him, and the said corporation executed and delivered to the Mortgage & Trust Company its note for the $9000 and interest due thereon, amounting to $12,000, and gave a deed of trust upon the said lands to secure the payment of that note.

The Summit Town Lot Company issued to the Mortgage & Trust Company, O'Connor, Trezevant, Dargan and Pires, each, paid up capital stock without any consideration, except as hereinafter stated, to an amount equal to the sum that each held of the indebtedness which constituted the second lien upon the said land, of which stock L. A. Pires received 82 shares of $100 each, that being a little more than the amount of his debt against Snodgrass at that time.

Pires sued Snodgrass upon the four notes given by him as part of the purchase money of the fifth interest in the said land, and upon the trial before a jury the judge of the District Court instructed the jury to find a verdict for the defendant, which was done and judgment entered thereon accordingly. Upon appeal to the Court of Civil Appeals of the Fifth Supreme Judicial District, the judgment of the District Court was affirmed.

In addition to a general demurrer and special exceptions, defendant pleaded:

(1) Four years' statute of limitation. (2) That the notes sued upon were without consideration. (3) That the defendant was entitled to an offset of $8000, value of stock received by the plaintiff in the Summit Town Lot Company on account of the notes sued upon. (4) That the plaintiff had rescinded the contract of sale of the land to the defendant, and thereby cancelled the notes.

The plaintiff introduced his notes to the jury, which entitled him to recover, and the court erred in instructing the jury to find for the defendant, unless the evidence clearly established some one of the defenses pleaded, which would defeat plaintiff's right of recovery.

The plea in which the defendant claimed the right to set off against the plaintiff's notes, the value of the stock received in the Summit Town Lot Company, presented no defense to this action, because the defendant never had any right to, or interest in, the stock of said company, and

could not be entitled to its value. If it were admitted that he might offset against the notes, the value of his interest in the land, there is no evidence which shows with any degree of certainty what his interest was worth at the time the plaintiff purchased it at the sale under the deed of trust. The charge of the court cannot be sustained upon that ground.

We do not wish to be understood as holding that the defendant might recover of the plaintiff the value of the land, because the facts of this case do not bring it within the rule laid down in Boothe v. Fiest, 80 Texas, 141.

The notes did not appear to be all barred by limitation. Two of them had not been due four years when the suit was instituted, hence the court could not correctly charge the jury to find for the defendant on the plea of limitations. The conveyance of the land to defendant as trustee for Marsalis was sufficient consideration to support the notes sued upon. The evidence showed no defense under the plea of want of consideration.

The evidence does not show that the sale of the land by Pires to Snodgrass was by executory contract, as alleged in the answer. If the deed was an executed contract, as appears from the facts in the record, plaintiff could not rescind the contract by taking possession of the land, and this plea was not sustained by the evidence as it is embodied in the statement of facts.

It is manifest from the record that the facts are not fully shown by the statement made up by the court, and "that the justice of the case demands another trial." Art. 972, Rev. Stats.

The trial court erred in instructing the jury to find for the defendant, and the Court of Civil Appeals erred in affirming that judgment.

It is therefore ordered, that the judgments of the District Court and of the Court of Civil Appeals be reversed, and this cause be remanded to the District Court for further trial.

*Reversed and remanded.*