## D. C. MIXON v. CORA MILES ET AL.

Application No. 2036. Decided November 28, 1898.

**1. Requested Charge—Measure of Damages.**

In a suit to establish a trust in favor of plaintiffs upon a tract of land conveyed to defendant and sold by him and to recover its value it was not error to refuse a charge that the measure of damages would be the market value of the land at the date appellant sold it, the true measure being either the purchase money for which the land sold and interest, or the value of the land at the time of the trial, at the option of the plaintiffs. Boothe v. Fiest, 80 Texas, 141. (Pp. 318, 319.)

**2. Same—Assignment of Error.**

Error in the charge in giving to the jury as the measure of damages in such case the value of the land at the time suit was instituted could not be considered under an assignment of error in refusing a requested charge giving another measure of damages, also incorrect. (P. 319.)

APPLICATION for writ of error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Plaintiffs, Cora Miles et al., sought to establish a trust in their favor upon a tract of land of 233 acres, conveyed by T. C. Mixon to defendant D. C. Mixon, and to recover $3609.66. A judgment for plaintiffs was affirmed on defendant's appeal, and he then applied for writ of error.

*Dyer & Dyer*, for petitioner.

GAINES, CHIEF JUSTICE.—Booth v. Fiest, 80 Texas, 141, was a case very like the case now under consideration. There the claim of the plaintiffs was that they had made to the defendant a deed to a tract of

land, which, although purporting to convey the title, was intended merely to secure a loan of money, and that the defendant, in violation of the agreement, had sold the land to an innocent purchaser. It was held that the measure of damages was either the purchase money for which the land was sold and interest, or the value of the land at the time of the trial, at the option of the plaintiffs—less, of course, in either case, the amount of the mortgage debt.

The general rule there announced applies in this case, though in this there was no mortgage debt to be deducted. The court, however, in the present case, charged the jury in the event they found for the plaintiff, to find as the measure of their damages the value of the land at the time the suit was instituted. But there is no assignment in the petition for the writ of error filed in this court which questions the correctness of the charge in that particular. The applicant does assign that the Court of Civil Appeals erred in not holding that the trial court should have given a special charge requested by them "to the effect that if the jury found in favor of the plaintiffs, the measure of damages would be the market value of the land at the date appellant sold the lands." Under the ruling in the case cited, it would have been manifest error to have given this charge. We have examined the other assignments made in the petition for the writ and have reached the conclusion that no error is shown by any of them.

The application is therefore refused.

*Writ of error refused.*