### A. P. McCORD v. W. A. NABOURS ET AL.

No. 1802. Decided April 22, 1908.

**1.—Pleading—Fraud.**

Allegations of fraud in sale of property by a trustee, in that he sold under an agreement by the purchaser to reconvey to the trustee at a price fixed and did so, held to support a recovery on proof merely that such trustee had, in good faith and to induce the making of the sale, undertaken to find some one to take the property off the purchaser's hands at the price paid, and had found it necessary to take it himself in compliance with such agreement; the trustee's interest in the sale by virtue of such guaranty rendering it fraudulent in law. (Pp. 499, 500.)

**2.—Fraud—Trustee Interested in Sale—Good Faith.**

A sale of the trust property by an assignee for the benefit of creditors is fraudulent in law and voidable at the election of the beneficiaries, when the assignee, without their knowledge, had made himself interested in the sale by giving a guaranty to the purchaser that, if bought by him at the price fixed, the assignee would find a buyer to take the property off his hands at the price paid, in pursuance of which guaranty the assignee himself took the property from such purchaser at the price; and this is so irrespective of the good faith and honest purpose of the assignee in making such guaranty and purchase (Reaffirming Nabours v. McCord, 100 Texas, 456). (Pp. 500, 501.)

**3.—Limitation—Assignee for Creditors—Notice.**

A claim against an assignee for the benefit of creditors on account of misapropriation of a note constituting a part of the assets, the disposition of such note complained of being shown by report of the assignee, is barred within two years from the filing of the report. (P. 501.)

**4.—Trustee—Misappropriation of Property.**

The measure of damages for misappropriation of property by a trustee is the value of same at the time of trial; it is not limited to the value at the time of appropriation, with interest. (P. 501.)

**5.—Assignment for Creditors—Misappropriation—Suit by Some Beneficiaries for All.**

Where certain creditors of an assigned estate sue for recovery of property misappropriated by the assignee, seeking the appointment of another assignee or a receiver for the administration of the trust, the recovery is for the benefit of all the beneficiaries, and not to be limited to the amount of the claims of those prosecuting the action. (Pp. 501, 502.)

**6.—Assignee—Final Report—Discharge—Parties.**

An assignee who has made his final report, complying with article 86, Revised Statutes, ceases to be assignee from that time, and the court may appoint a receiver or another assignee to administer the trust as to assets misappropriated and recovered at suit of the beneficiaries, though such former assignee be not made a party to the proceedings. (P. 502.)

**7.—Trustee—Recovery Against—Credits.**

Where property sold by an assignee for creditors and acquired by the assignee himself is recovered back from him at suit of the beneficiaries of the assignment, he is entitled as against the fund realized from the recovered property, to the amount paid to him therefor and distributed by him to the creditors. (Pp. 502, 503.)

**8.—Corporation—Payment of Dividends—Lis Pendens.**

A corporation and a stockholder therein being sued by those claiming the ownership of the stock, the company became liable to the plaintiff's recovering judgment for the stock for dividends paid thereon to their co-defendant, as stockholder, during the litigation. (P. 503.)

**9.—Assignee—Right to Compensation.**

As assignee for creditors who, by his guaranty to the purchaser, became so interested in a sale of the property as to render same voidable at suit of the ceditors did not thereby, if acting in good faith, forfeit his right to compensation for his services as assignee except as to those involved in the particular transaction. (P. 503.)

**10.—Setting Aside Sale—Improvements—Offset.**

Where an assignee's sale, voidable at the election of creditors, was set aside in suit by them, the purchaser was entitled to offset plaintiff's claim for rent of the land by the increased value thereof from improvements made by him. (P. 503.)

**11.—Fraud—Dividends on Stock—Limitation.**

In an action to set aside for fraud a sale of corporate stock and recover dividends collected thereon by the defendant as stockholder, the latter claim, as well as the former, was cognizable in equity and governed by the limitation of four instead of two years.   (Pp. 503, 504.)

**12.—Practice on Appeal—Remanding with Instructions—Reopening Case.**

Where a judgment for defendant is reversed with instructions to render judgment in the trial court for plaintiffs and directions for ascertaining facts necessary therefor, the case will not be further reopened to permit defendants to interpose a claim of estoppel not theretofore pleaded, unless evidence in the record or relied on to sustain such claim is pointed out.   (P. 504.)

### ON MOTION FOR REHEARING.

**13.—Setting Aside Sale—Adjustment of Equities.**

On setting aside a sale of a half interest in notes secured by a lien, the vendee and his co-owner of the notes having afterwards acquired the incumbered property, subject to another lien, by surrendering the notes, the adjustment of the equities in such property is rendered so uncertain that the plaintiffs should recover instead one half the amount of the notes with interest. (Pp. 504, 505.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Milam County.

For the previous history of this case see Nabours v. McCord, 36 Texas Civil Appeals, 504; 75 S. W. Rep., 827; 82 S. W. Rep., 153, 193, 661; McCord v. Nabours, 97 Texas, 271; Nabours v. McCord, 97 Texas, 527; Nabours v. McCord, 100 Texas, 456; Nabours v. McCord, 103 S. W. Rep., 469.

*Henderson, Streetman & Freeman, Monta J. Moore* and *Crane, Gilbert & Crane,* for plaintiffs in error.—The evidence presents an issue as to whether plaintiffs in this case, under all the circumstances, have not been guilty of such conduct as will prevent them from obtaining relief in an equitable action to set these transactions aside.   Brissell v. Knapp, 155 Fed. Rep., 809; Gallaher v. Cadwell, 145 U. S., 368; Pac. R. R. Co. v. Atlantic & P. R. R. Co. (C. C.), 20 Fed., 277; Bartlett v. Ambrose, 78 Fed. Rep., 839; 24 C. C. A., 397; Williamson v. Monroe, 101 Fed. Rep., 322, 329; London & San Francisco Bank v. Dexter Horton & Co., 126 Fed. Rep., 593, 601; 61 C. C. A., 515; Gallaher v. Cadwell, 145 U. S., 368, 373; Cahill v. Superior Court, 145 Cal., 42; Cook v. Cease, 147 Cal., 614; Hawley v. VonLanken (Neb.), 106 N. W. Rep., 456; Daggers v. Van Dyck, 37 N. J. Eq., 130; Rozell v. Chicago Mill & Lumber Co., 76 Ark., 525; Demuth v. Bank, 85 Md., 326; 60 Am. St. Rep., 322.

Where a trustee is guilty of actual fraud then the measure of damages fixed by the court might be proper, that is the reasonable rental value of the property during the time McCord had held it, but in a case like this where there is no actual, but only constructive fraud, the proper measure of damages is not what rent *should have been received,* but what was *actually received* by the

trustee.   3 Pomeroy's Equity Jurisprudence, sec. 1058, note 2; Van Buskirk v. Van Buskirk, 148 Ill., 9.

A dividend declared is a debt of the corporation to the stockholders and liable to the usual action for a recovery as a debt from the day it becomes payable.   2 Purdy's Beach on Private Corporations, sec. 436; Ry. Co. v. Martin, 57 Ark. 355.

The judgment of the Court of Civil Appeals undertaking to remove the defendants Henderson and McCord as assignees and to divest out of them the title which was vested in them by the deed of assignment is unwarranted because of the fact that the assignee Henderson was dismissed out of the suit and was not a party to the proceedings and Henderson and McCord being joint assignees of this estate title can not be divested out of one of them in a suit to which the other is not a party.   McManus v. Cash, 20 Texas Ct. Rep., 294.

The Court of Civil Appeals has directed a sale of the property to be set aside upon the grounds not set up by the plaintiffs in the court below.   There is not one word said in the petition to the effect that McCord, in order to secure the sale, guaranteed Lawrence that he would find a purchaser, and that thereby he became adversely interested to the estate and that the sale, therefore, should be avoided at the instance of complaining creditors.   18 Enc. Pl. and Prac., 804, 805; Grant v. Whittlesey, 42 Texas, 322; Smith v. Raner, 6 Colo. App., 177; Dotterer v. Freeman, 88 Ga., 479; Grove v. Rentch, 26 Md., 367; Watkins v. Stockett, 6 Har. & J. (Md.), 445; Timms v. Shannon, 19 Md., 312; Wesley v. Thomas, 6 Har. & J. (Md.), 28; Balue v. Taylor, 136 Ind., 368; Lemmon v. Phoenix Mut. L. Ins. Co., 38 Conn., 294; Harkness v. Fraser, 12 Fla., 336; Indianapolis First Nat'l Bank v. Root, 107 Ind., 224; Western Union Tel. Co. v. Reed, 96 Ind., 195; Mescall v. Tully, 91 Ind., 96; Constant v. Lehman, 52 Kan., 227; Cross v. Bean, 81 Me., 525; McElderry v. Shipley, 2 Md., 25; Tilden v. Streeter, 45 Mich., 533; Park v. Blodgett, 64 Conn., 288; Seeger v. Tingley, 11 Conn., 134; Meier v. Kelley, 20 Ore., 86; Butler v. Miller, 15 B. Mon., 617; Hines v. Horner, 86 Iowa, 594; Missouri R. R. R. Co. v. Miami County, 12 Kan., 482.

If a judgment of reversal was at all proper for the Court of Civil Appeals to render, it should have reversed and remanded the case with a view of giving the defendants the right to show, if they could, that all of the plaintiffs knew that the guaranty had been given and had acquiesced therein with full knowledge of all the facts.

The making of the guaranty did not as a matter of law inject any self-interest of McCord's into the transaction, or bring about any conflict between his interest on the one hand, and his duty to the estate on the other; and we can not but believe that this view will commend itself to the court upon further consideration of the facts as certified.   Ives v. Ashley, 97 Mass., 204; Pomeroy's Eq. Juris., sec. 958; Nicholas' Heirs v. Jones, 3 Marsh., 585; Dent

v. McGrath, 66 Ky., 174; McBroom v. Rives, 1 Stewart, 79; Brannon v. Oliver, 2 Stewart, 47.

*Hefley, McBride & Watson, W. K. Homan, A. J. Harris, D. W. Doom,* and *Etheridge & Harris,* for defendants in error.—On sufficiency of pleadings: Schuster v. Grendenthal, 74 Texas, 53.

That the sale was fraudulent: Nabours v. McCord, 97 Texas, 526; Nabours v. McCord, 75 S. W. Rep., 827; Nabours v. McCord, 82 S. W. Rep., 153; Nabours v. McCord, 82 S. W. Rep., 193; Nabours v. McCord, 82 S. W. Rep., 661; Haswell v. Blake, 14 Texas Ct. Rep., 394; McIlhenny v. Todd, 71 Texas, 400; Keller v. Smalley, 63 Texas, 512; Moody v. Carroll, 71 Texas, 146; Miller v. Rich, 68 N. E. Rep., 488; Coffee v. Ruffin, Exr., 4 Cold (Tenn.), 487; Knapp v. White, 23 Conn., 529; Abbott v. American Hard Rubber Co., 33 Barbour, 578; Obert v. Obert, 10 N. J. Eq., 98; James v. James, 55 Ala., 525; Wing v. Hartupee, 122 Fed. Rep., 897; Boynton v. Brastow, 53 Me., 363; Cook v. Berlin Woolen Mill Co., 43 Wis., 433; Voltz v. Voltz, 75 Ala., 555; Michoud v. Girod, 4 How., 188; Foxworth v. White, 72 Ala., 224; Red Jacket Tribe v. Gibson, 12 Pac. Rep., 127; Strong v. Eldridge, 36 Pac. Rep., 696; Sands v. Crooke, 46 N. Y., 564; Johnson v. Kay, 8 Humph. (Tenn.), 142; Carter v. Palmer, 8 Clark & Finelly, 657; S. C., 8 English Reports (Full Reprint), 256 et seq.; Mullin v. Doyle, 23 Atl. Rep. (Pa.), 807; Smith v. Isaac, 12 Mo., 106; Creveling v. Fritts, 34 N. J. Eq., 134; Culver v. Culver, 11 N. J. Eq., 215; Williams v. Scott, L. R. App. Cases (1900), 499; Cook v. Collindridge, Jacob, 607, 19 English Ruling Cases, 634; DeChambrun v. Cox, 60 Fed. Rep., 471; Minneapolis Trust Co. v. Menage, 76 N. W. Rep., 195; 2 Perry on Trusts (4th ed.), sec. 786a; Dunlap v. Beckes, 23 Kan., 110; De Voue v. Fanning, 2 Johns Ch. Cas., 366 et seq.; In Re Taylor Orphan Asylum, 36 Wis., 552; Price v. Thompson, 84 Ky., 227; Staats v. Bergen, 17 N. J. Eq., 558; Bassett v. Shoemaker, 20 Atl. Rep., 52; Harrison v. McHenry, 9 Ga., 164; 2 Pomeroy Eq. Juris. (3d ed.), sec. 957, 958.

As to measure of damages: Mixon v. Miles, 46 S. W. Rep., 107; Mixon v. Miles, 92 Texas, 318; Booth v. Fiest, 80 Texas, 141. As to forfeiture of claim for compensation: 28 Am. & Eng. Encyl. Law (2d ed.), pp. 1038-9 and cases cited; 47 Am. Digest, p. 1355. As to the resolution of October 9, 1896, being void: Greathouse v. Martin, 14 Texas Ct. Rep., 492. As to McCord's right to recover amount paid to Lawrence: 14 Am. & Eng. Encyl. Law (2d ed.), pp. 344-45 and cases cited; Stovall v. Bank, 8 Smedes & M. (Miss.), 305; 47 Am. Dec., 85; Sievers v. Dickover, 101 Ind., 495; Cooper v. Friedman, 23 Texas Civ. App., 588, 589.

Mr. Justice Williams delivered the opinion of the court.

For the purposes of this opinion the following statement of the case and of the facts will suffice.

Crawford & Crawford and the Milam County Bank made a general assignment of their property for the benefit of their creditors, appointing T. S. Henderson and A. P. McCord assignees, who

qualified according to law and took charge of the property. After a partial administration of the estate, a committee of the creditors, acting with the assignees, made a schedule of all the property remaining undisposed of and placed upon each item of property a price at which the assignees were authorized to sell it. Negotiations were begun between Lawrence and the assignees for the purchase of the remainder of the property by Lawrence, who was one of the creditors and one of the committee. Lawrence did not wish to buy the property in controversy because he did not believe he could sell it for the price put upon it by the committee and at which he was to make the purchase. McCord, through Ralston, who was the attorney of Lawrence, made the proposition to Lawrence that, if he would buy the property and desired to sell it, McCord would guarantee that he would find a purchaser for it at the price, $10,500, and Lawrence be credited with that sum. Lawrence purchased and the property was conveyed to him by the assignees. T. S. Henderson did not know of the guaranty made by McCord to Lawrence at the time nor until after the institution of this suit. Soon after the transaction Lawrence called upon Ralston to produce the guaranteed purchaser, whereupon McCord purchased the property from Lawrence, taking a conveyance of it to himself. The sum paid by Lawrence for the property was distributed among the creditors of the assigned estate. It is alleged in the petition that the creditors did not know of the terms of the sale to Lawrence nor of McCord's guaranty to Lawrence upon which the sale was made. Lawrence would not have bought the property without the guaranty. Some years after the transaction occurred W. A. Nabours and a large number of the creditors of the assigned estate brought this action for the purpose of setting aside the transaction had with Lawrence and removing the assignees, Henderson and McCord, and appointing a receiver in order that the estate might be administered under the deed of assignment and the proceeds distributed. The suit was dismissed as to T. S. Henderson. The petition prayed for the recovery of the specific property or its value, except in one instance, in which it was alleged that the tract of land had been sold by Lawrence to an innocent purchaser, and in that instance it was prayed that they might recover the value of the land. There is a general prayer for such relief as the parties might be entitled to in law and in equity.

At the trial the jury found a verdict in favor of the defendants and judgment was entered accordingly. This is the third time the case has been before this court.

The plaintiffs in error assign that the Court of Civil Appeals erred in entering judgment in this case in favor of the plaintiffs below because there was no sufficient pleading to justify a judgment based upon the guaranty given by McCord to Lawrence. The petition of the plaintiffs contained the following allegations:

"Plaintiffs now represent and charge the fact to be that said defendant McCord, as assignee aforesaid, enabled so to do by the negligent co-operation, inattention and dereliction of his co-assignee Henderson, fraudulently and corruptly converted to his own use

and benefit all of the aforesaid properties described in paragraph 9 hereof, in that: On heretofore, to wit, May 5, 1897, the said assignees, by the contrivance of defendant McCord, made a pretended sale of all of the assets of said assigned estate, purporting to include, among other things not necessary now to be specifically mentioned, the property described in paragraph 9 hereof, to one C. W. Lawrence, with a previous agreement and understanding, both covert, express, tacit and implied by and between the said McCord and the said Lawrence, that the said Lawrence was only to retain and pay for the assets not described in paragraph 9 hereof, it being understood and agreed as aforesaid that after such ostensible, pretended, colorable and fraudulent conveyance of all the properties to the said C. W. Lawrence, he, the said Lawrence, should convey to the said McCord said properties described in paragraph 9 hereof at prices and upon the terms previously agreed upon by and between the said McCord and the said Lawrence."

These allegations set up sufficiently a cause of action against McCord on account of his having fraudulently, as assignee of Crawford & Crawford and the Milam County Bank, acquired the property described in the petition. The allegations being sufficient on general demurrer and the evidence not objected to, the judgment will be sustained. Pyron v. Butler, 27 Texas, 270. The sufficiency of the petition to admit the evidence, if objected to, is not before the court.

The plaintiffs in error urge with much zeal and ability that this court committed error in its former decision upon certified question, 100 Texas, 456, wherein it was held, substantially, that the fact that McCord gave a guaranty to furnish a purchaser for the property from Lawrence placed McCord in antagonism to the estate which he represented and to the creditors of the estate, which rendered the transaction voidable at the instance of the creditors. We have examined the matter again, with care, and we see no cause to change our opinion. A more thorough knowledge of the facts of this case assures us of the necessity for and wisdom of the rule which the courts have established that the good faith and honest purposes of the assignee or trustee who, without the consent of the beneficiaries, becomes the purchaser of property confided to his care, constitutes no defense to an assertion by the beneficiary of the voidability of the title thus acquired. The difficulty of ascertaining the real truth as to the intention of the trustee who thus possesses himself of the property committed to his care is so manifest that we think the rule established by the courts to exclude all inquiry into that matter is plainly necessary to guard against the abuse of such authority. No doubt there are hardships as the decided cases show, but the interest of the public is of greater importance than the hardship which may fall upon the few who may in good faith unlawfully acquire property committed to them as trustees. There is absolute security to the agent or trustee in total abstinence from any acts by which his interest might become adverse to that of his principal. There is

McCORD v. W. A. NABOURS ET AL. 501

no such security to the beneficiary in any other rule for the government of trustees.

The plaintiffs in error assign that the Court of Civil Appeals erred in its judgment that the defendants in error recover the property specified in their petition because they say that the right to recover the note due from the Oil Mill Company to the Milam County Bank, which it is alleged that McCord misappropriated to his own use, was not embraced in the first petition and that more than two years elapsed before the filing of the amended petition in which this note was first set up. The disposition made of that note was shown in the report of the assignees and if the claim for the misappropriation of it was not embraced in the original petition, the action to recover that sum was barred within one year from July 3, 1900. (Art. 86, Rev. Stats.)

The plaintiffs in error contend that the Court of Civil Appeals prescribed an improper rule for the measure of damages to be applied by the District Court in the trial of this case. It is claimed on the part of the plaintiffs in error that the value of the property at the time McCord misappropriated it, with interest until the judgment shall be rendered, is the measure by which the damages should be assessed. We think that this question is clearly settled by the following decisions of this court: Boothe v. Fiest, 80 Texas, 141; Mixon v. Miles, 92 Texas, 318. In the case first cited this court held, "that where the beneficiary sues for compensation and not for the proceeds of the sale with interest, the measure of his recovery would be the value - of the land at the time of the trial and we think such a proper rule in this case." The instruction of the Court of Civil Appeals to the District Court conforms to that decision. It is objected to the instruction given in connection with the measure of damages that the Court of Civil Appeals directs the trial court to assess the value of the land at the time of the trial and to give interest on the sum so assessed from the date when the property was misappropriated by McCord. If this were a proper construction of the opinion, we would hold it to be erroneous, but we are of opinion that the language of the court means nothing more than that when the judgment is entered for the value at the time of the trial that judgment shall bear interest which would be just the effect the law would give it if the court had not mentioned the question of interest.

It is likewise contended with much earnestness that the plaintiffs in this case can recover only the amount of their debts and that the recovery of the whole amount by the plaintiff would be unauthorized, as their debts are less than the value of the property. Where the creditors of an assigned estate, as in this case, stand upon an equal footing and a portion of them sue to recover the assets which have been misappropriated by the assignees and to enforce the deed of assignment, then the rule is that such plaintiffs thus named in the petition who sue for their own benefit and for the benefit of those who may join them are entitled to recover the whole estate, in order that it may be taken in charge by the court and administered and distributed among all of the creditors

according to their several rights. In this case the petition expressly seeks to have the court appoint other assignees or a receiver and that the court administer the property when recovered and make proper distribution of it. The following authorities sustain the conclusion that we have reached: 5 Ency. Pl. & Pr., 535; Pomeroy's Eq. Jurisprudence, sec. 894; Iauch v. de Socarras, 56 N. J. Eq., 527; Barton v. Bryant, 2 Ind. (Carter), 194; Egberts v. Wood, 3 Page's Chancery, 521; Petree v. Lansing, 66 Barb., 357.

Henderson was sued originally with McCord but was subsequently dismissed from the case. It is claimed by the plaintiffs in error that the court's instruction to remove the assignees, Henderson and McCord, can not be executed for the reason that Henderson is not a party to the suit. It distinctly appears from the record that Henderson and McCord made their final report and it was recorded in the office of the county clerk of Milam County on July 3, 1900, in compliance with this article of the Revised Statutes:

"Art. 86. Whenever any assignee shall have fully performed the duties of his trust and desires to be finally discharged therefrom, he may make a report of his proceedings under the assignment, showing the moneys and assets that have come into his hands, and how the same have been disbursed and disposed of, the truth of which shall be verified by his affidavit, and such report shall thereupon be filed and recorded in the office of the county clerk of the county in which the assignment is recorded, and no action shall be brought against such assignee by reason of anything done by him under the assignment as shown by his report, unless the same be brought within twelve months from the time of the filing thereof, as aforesaid; and any moneys or funds on hand shall be deposited in the District Court, subject to be paid out upon the decree of said court."

There were no funds in their hands to be deposited with the clerk of the District Court, therefore, Henderson and McCord ceased to be assignees on the 3d day of July, 1900. The statute provides: "Whenever any assignee shall have fully performed the duties of his trust and desires to be finally discharged therefrom," etc., and having done what the statute prescribes, the discharge followed without other action, therefore, there are no assignees to be removed. The District Court has authority to appoint a receiver or assignee and continue the administration of the assignment until the property shall be sold and the proceeds distributed according to the rights of the creditors. The District Court will have full power to take any steps necessary without particular instructions in that respect.

For the property sued for Lawrence paid $10,500 which went into the hands of the assignees and was by them paid upon all of the debts of the assigned estate. This suit is brought for the benefit of all the creditors of the estate and the recovery which may be had will be a fund under the control of the court for the benefit of all the creditors, therefore, McCord will be entitled to

a credit for the full amount, $10,500, paid for this property and distributed to the creditors.

It is claimed that there are no allegations which would charge McCord with dividends paid after filing of the amended petition. We do not so understand the allegations, they seem to us to be amply sufficient to embrace all the dividends paid either before or after the filing of the amendment which made the Milam County Oil Company a party to the suit. The prayer for general relief would embrace all that the facts showed plaintiffs to be entitled to recover. It is also claimed that the oil company should not be held liable for the payment of dividends after it was made a party to the suit, but counsel have furnished no authority for such a proposition and give only the reason that it was not wrong for the Oil Mill Company to so pay out the dividends. The law is that one who holds property as a bailee upon receiving notice that the title to the property is in dispute may for his security interplead the parties and have their rights determined and if he fails to do so he will act at his peril. In this case the plaintiffs made the Oil Mill Company a party to the suit in which the stock was in litigation and this was a demand and notice that the dividends were claimed by the plaintiffs, besides, the petition sought to have the Mill Company enjoined from paying over the dividends, but it does not appear that any injunction was issued and served. We think that there can be no doubt that the Oil Mill Company was properly chargeable with the dividends which it paid out after it was made a party to the suit. (Van Allen v. American Natl. Bank, 52 N. Y., 1.)

By the transaction with Lawrence, McCord did not forfeit his right to compensation for services rendered as assignee. If the plaintiffs in the case had shown what proportion of the charge was for the sale made to Lawrence by which McCord acquired the title to the property, then we are of the opinion that he could not receive compensation for making that transaction, but there is no pleading which undertakes to specify any particular amount as being compensation for that transaction. Under the pleadings and evidence the plaintiffs are not entitled to recover the $3,000 compensation retained by Lawrence.

If prior to the commencement of this suit McCord made valuable and permanent improvements upon the land sued for which enhanced its value, then he is entitled to have the enhanced value, caused by such improvements, offset against the claim of the plaintiffs for rent of the land.

The amended petition alleges that McCord collected dividends on the Milam County Oil Company's stock before the institution of the suit and after its institution and before the filing of the amendment. If the plaintiffs did not claim in their original petition to recover the dividends paid to McCord before the institution of that suit, the claim for all such dividends as were paid more than four years prior to the filing of the amended petition would be barred by the statute of limitations. The cause of action in this case is the fraudulent and unlawful acquisition of the

oil mill stock by McCord, and the right to recover the dividends depends upon the recovery of the mill stock itself. The action brought was to set aside the transaction by which McCord acquired the stock and to restore it to the estate for which he was assignee. If the jurisdiction of law and equity were separate in this State, this action would be properly cognizable in a court of equity and not in a court of law, therefore, the action to recover the dividends would be necessarily prosecuted in the same court and would not be included in the terms of article 3354, which prescribes two years limitation for the actions therein named. (Smith v. Fly, 24 Texas, 345.) The period of limitation applicable to this class of cases is prescribed by the following article of the Revised Statutes: "Art. 3358. Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years, next after the right to bring the same shall have accrued, and not afterward." So far as it relates to the recovery of the mill stock in this case and the dividends, this is not an action for real estate, and, being an equitable action, no other period of limitation is applicable to it, therefore, the four years period must be applied.

When the Milam County Mill Company was made a party to this suit it thereby had notice that the dividends and stock were claimed by the plaintiffs. The petition alleged the facts necessary to give the mill company notice and prayed for an injunction to restrain it from paying dividends to McCord upon the stock, but it does not appear that any such injunction was served. If the mill company after being made a party to the suit unlawfully paid dividends to McCord, both McCord and the mill company would be liable for such dividends.

Counsel for the plaintiffs in error insist that this cause should be remanded without instruction so as to permit McCord to show that his act had been ratified by the plaintiffs in the suit. No plea of estoppel has been filed nor do the facts stated show that an estoppel could be established, neither is the evidence which is relied upon by plaintiffs in error sufficiently pointed out to justify this court in opening the case for the introduction of that issue.

It is ordered that the judgment of the Court of Civil Appeals reversing and remanding this case be affirmed, and that this case be remanded to the District Court of Milam County to be tried in accordance with the opinion of the Court of Civil Appeals as modified by this opinion. It is further ordered that the defendants in error recover of the plaintiffs in error the costs of the Court of Civil Appeals and that the plaintiffs in error recover of the defendants in error the costs of this court.

### ON MOTION FOR REHEARING.

In the motion for rehearing it is stated that Henderson owned one-half of eight notes for $1,148.75 each and that the assigned estate of the Crawfords and the bank owned the other half of said notes which notes held a vendor's lien on 510 acres of land known

as the Preston Steel land. The lien of the eight notes was subordinate to a prior lien which, in the motion, is said to have been large but the amount of it is not named. By the transaction with Lawrence, McCord acquired the half interest in the eight notes which belonged to the assigned estate. McCord and Henderson took a conveyance of the land to themselves in settlement of the eight notes before described subject to the prior lien. Under this state of facts we are of opinion that the adjustment of the equities between the parties is rendered so uncertain that as to that tract of land Nabours and others should recover from McCord for the estate the one-half of the amount of the eight notes with interest thereon at the rate expressed in the notes to the time of the trial.

We see no reason to change our conclusions as to other issues in the case. We are not able to see any sound reason why the issue of the good or bad purposes of McCord in securing the property of the estate which he represented should be excluded from consideration on the issue of liability to account for the property unlawfully acquired by him but should be considered upon the measure of recovery against him. It would be as difficult to ascertain the truth of his real motives and purposes on the latter issue as upon the former.

If we grant that the facts sustain the appeal of able counsel in behalf of their client this court would have no authority to change the settled rules of law which govern such transactions. The opinion will be modified as stated in the first paragraph hereof, otherwise the motion for rehearing will be overruled.

*Judgment of Court of Civil Appeals affirmed and case remanded with instructions.*