### BAKER et al. v. DORFMAN et al.
### No. 6241.

Court of Civil Appeals of Texas. Texarkana.

Nov. 21, 1946.

Rehearing Denied Nov. 28, 1946.

Weeks, Hankerson & Surles, of Tyler, for appellants.

Angus G. Wynne and Phillip Brin, both of Longview, and Pollard, Lawrence, Blackburn, Crawford & Jarrel and Robert S. Boulter, all of Tyler, for appellees.

HALL, Chief Justice.

H. A. Baker, Kernel Hughes, and E. L. Pinkston, appellants here, sued Sam Y. Dorfman and Bobby Manziel for damages resulting from a second sale of five acres of royalty that had previously been sold to Baker, Hughes and Pinkston. Appellants had not recorded their assignment before the second sale of the same royalty by appellees. The second vendee, The Montex Petroleum Company, was an innocent purchaser, paid a valuable consideration, and had no notice of the prior sale to appellants.

Appellants sued to recover the market value of the royalty at the time of the trial. Appellees tendered to appellants the consideration they had received at the second sale. The cause was tried below before the court as an "agreed case," under the provisions of Rule 263, Texas Rules of Civil Procedure. On April 24, 1946, the trial court rendered judgment for appellants against appellees, jointly and severally, for the sum of $2500, the fair market value of the royalty at the date of the second sale, with interest at the rate of 6% to November 14, 1944, the date a full tender of the $2500 was made to appellants.

By their point One appellants assert that the trial court erred in holding that the appellants' damages for appellees' wrongful sale of the five acres of royalty was its market value on the date of the second sale and not the market value at the date of the trial. The agreed statement of facts in substance shows that appellants Baker, Hughes and Pinkston on October 26, 1940, purchased from appellees five acres of royalty interest in a 44-acre tract of land in Wood County, Texas, paying therefor the sum of $300 per acre in cash. The deed to said royalty was executed and delivered on October 26, 1940, and was recorded on December 31, 1940. On December 23, 1940, appellees sold the same royalty to Montex Petroleum Company for the sum of $500 per acre, the agreed fair market price of royalty on that date, and executed a mineral deed to the five acres and delivered it to the Montex Petroleum Company. On December 28, 1940, the Montex Petroleum Company filed its deed for record. It was agreed that the Montex Petroleum Company was an innocent purchaser for value without notice, and that the fair market value of the mineral interest on the date the suit was filed was $2250 per acre.

It is the contention of appellants that an implied trust relation existed between them and appellees after the date of sale of the property to them (first sale), and that on account of such relation the measure of damages against appellees for the wrongful sale of the same property to Montex (second sale) would be the market value of the mineral interest on the date of the trial. In support of appellants' contention they cite: Boothe v. Feist, 80 Tex. 141, 15 S.W. 799; Mixon v. Miles, 92 Tex. 318, 47 S.W. 966; Phillips v. Herndon, 78 Tex. 378, 14 S.W. 857, 22 Am.St.Rep. 59; D. Sullivan & Co. v. Ramsey, Tex.Civ.App., 155 S.W. 580. In the cases set out above there was a trust relationship existing between the vendor and the first vendee, such as bond for title or a holding of the property for another. The trust relationship is clearly shown in each of those decisions. All of those cases are grounded upon the theory that a trust relation existed between the parties. In the instant case there was no trust relationship between the parties. Appellees sold the property in the first instance to appellants for a cash consideration of $300 per acre, executing and delivering to them their deed, thereby severing all connection they had previously had with the five-acre royalty interest. After the sale of this property to appellants, appellees had no further connection with the mineral interest. They were not holding the property for any one, and certainly there was

nothing to which a trust could attach. The facts in the record do not show any fiduciary relation between appellants and appellees. (There is no intimation of fraud in the record.)

Therefore it is our opinion that the trial court correctly fixed the measure of damages as the price appellees received for the land at the second sale, namely, $500 per acre, with six per cent interest to the date the tender was made to appellants. Mitchell v. Simons, Tex.Civ.App., 53 S.W. 76; Barreda v. Eldridge, Tex.Com.App., 254 S.W. 769.

The judgment is affirmed.