## NIX & STOREY V. JAMES H. DUKES ET AL.

### (Case No. 1166.)

1. CREDITORS — INTERVENTION.— In a suit brought by a creditor to subject property alleged to have been fraudulently conveyed, to the claims of himself and the creditors of the estate, a compromise and agreement to dismiss the suit, made between the original plaintiff and defendant, cannot affect the right of a creditor who has intervened by leave of the court to have his rights as a creditor adjudicated. An order dismissing the suit after such intervention and dismissing the petition of intervention is error, for the original action could only have been maintained when brought for the benefit of all the creditors.

ERROR from Caldwell. Tried below before the Hon. John P. White.

The opinion states the case.

*Nix & Storey*, for plaintiffs in error.

*James H. Burts*, for appellees.

I. The intervenors, who alone complain of the action and judgment of the court below, in their pleadings adopt and make their own all the petitions and allegations of all the plaintiffs. The petition of A. W. Lay was filed December 9, 1871. The heirs of Lay were made parties and filed their amended petition September 11, 1874. In this petition of the heirs it is alleged that A. W. Lay died in 1870. This suit, then — the plaintiff having died the year before it was filed — was fictitious. There was from the first no suit in the court of which it had jurisdiction in which outsiders could lawfully intervene. At whatever stage in the proceedings of a cause the court discovers a want of jurisdiction, such cause should be dismissed. To make a suit there must be proper parties; when this suit was commenced there was no plaintiff in being. Courts of justice are constituted to try rights between parties. Smith *v.* Brown, 3 Tex., 373; Doss *v.* Waggoner, id., 516; Evans *v.* Pigg, 28 .Tex., 590; Baker *et al. v.* Chisholm *et al.*, 3 Tex., 158; Roeser *v.* Bellmer, 7 Tex., 2; Vose *v.* Morton, 4 Cush. (Mass.), 32; Stamps *v.* Newton, 4 Miss. (3 How.), 34.

II. The order allowing the intervention was an interlocutory judgment, and was within the control of the court as long as the cause was on the docket; and the order allowing the motion made and presented at a former term to be filed *nunc pro tunc*, was clearly within the power and discretion of the court. This assignment points to no error that can reverse the case. Hamilton *v.* Pleasants, 31 Tex., 638; Kennedy *v.* Morrison, id., 219, 220; Holman *v.* Chevaellier's Adm'rs, 14 Tex., 337; Slocum *v.* The State, 11 Tex., 15.

GOULD, CHIEF JUSTICE.— This suit was brought by A. W. Lay, a judgment creditor of Robert Dorn, deceased, to have certain land, alleged to have passed by various fraudulent conveyances from Dorn through Robert N. Reed to Martha A. Duke, decreed to be the property of the estate of said Dorn, and assets in the hands of the administrators of his estate, for the benefit of plaintiff and other creditors of the estate.

Lay died, and his surviving wife and other heirs became parties plaintiff in his stead. Nix & Storey, administrators of the estate of Dorn, also became parties by intervention, as also did Reed and Mullins, who, on January 4, 1875, by leave of court, filed their petition, claiming to be creditors of the estate holding claims duly established, adopting the pleadings and the prayer of the plaintiff. Previous to this, viz., in September, 1874, plaintiffs and defendants had entered into a written agreement compromising the case, the terms agreed on being that defendants would pay sixty-six and two-thirds cents on the dollar on the Lay judgment, with interest, upon which payment being made the suit was to be dismissed. The payment was completed during the month of September, but no order of dismissal had been asked or made at the time Reed and Mullins intervened. The order allowing that intervention, and the filing of their petition as intervenors, were both of date January 4, 1875, and on the same day defendants moved to set aside the order and dismiss the intervention, their motion being filed April 15, 1875, as of January 4, 1875. The grounds of the motion were the settlement of the litigation between plaintiffs and defendants, the payment and agreement to dismiss, and the fact that the order allowing the intervention had been made *ex parte*, without notice. The court sustained the motion, set aside the order allowing the intervention, dismissed the petition of intervenors, and dismissed the case according to the agreement of compromise. From this judgment the intervenors, Reed and Mullins, and Nix & Storey, have appealed.

If this were a suit in which the plaintiffs sought a judgment for their own exclusive benefit, we might hesitate to say that the intervenors could complain because the court allowed the case to be disposed of in accordance with the already partially consummated agreement of the parties. But it is needless to inquire what would have been the proper ruling in such a case. This suit was avowedly brought for the benefit of other creditors of the estate, as well as of plaintiffs. The prayer was that the land be adjudged to be assets in the hands of the administrators of Dorn's estate for the benefit of creditors of said estate. Manifestly the petition was framed

like a creditor's bill, and it was so framed because the plaintiffs could only maintain their suit by bringing it for the benefit of all the creditors of the estate, and so as to allow any such creditor to become a party for the protection of his rights.   In such a suit it was but a matter of right for a creditor to be made a party.   It was not competent for the plaintiffs to bind other creditors by their compromise.   Having compromised regardless of the acknowledged rights of other creditors, to whose benefit, as well as the benefit of plaintiffs, the suit, if successful, would necessarily have inured, equity would not enforce that compromise agreement as against those creditors to whose detriment it might operate.

The nature of the rights of other creditors in such suits is illustrated in the following extract from Story's Equity Pleadings: "In the case of a bill brought by a creditor in behalf of himself and all other creditors, if he dies, the suit may be revived by his personal representative.   If the latter does not choose to revive it, then any other creditor, at least any one who has proved his debt under a decree before the master, may by supplemental bill continue the cause, and proceed therein for the benefit of all the creditors."  Sec. 365. See also the note to this section, where it is questioned whether the suit in such a case is technically abated.   See also 3 Dan. Ch. Pr., p. (1699), 1759, and Mitford's Ch. Pl., p. (79), 95.

Reed and Mullins, having established their claims, and belonging to the class of creditors for whose benefit the suit was brought, should have been allowed to come in and prosecute the suit as plaintiffs, when that step became necessary to secure them the benefit of the suit.   Because they were improperly denied this right, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 22, 1882.]