A. P. McCord et al. v. W. A. Nabours et al.

Application No. 3994. Decided January 28, 1904.

**1.—Practice in Supreme Court—Certificate of Dissent—Writ of Error.**

Where a case decided by the Court of Civil Appeals is sent to the Supreme Court on their certificate of dissent the appeal is to be disposed of in accordance with the opinion on such certificate; the decision is suspended in the appellate court meantime, the case remaining in its jurisdiction for that purpose, and writ of error will not lie while the case is in this attitude, because there has been no final judgment. Rev. Stats., arts. 1040, 1041, 1042. (Pp. 272. 273.)

**2.—Same—Withdrawal of Certificate.**

A party on whose motion a case has been sent to the Supreme Court on certificate of dissent, if desiring to waive such certificate and prosecute

writ of error, should apply to the Court of Civil Appeals to have the certificate withdrawn.    (Pp. 273, 274.)

Application for writ of error to the Court of Civil Appeals for the Third District, in an appeal from Milam County.

McCord and others sued Nabours and others and judgment went for defendants, plaintiffs appealing.   On a judgment reversing and remanding, appellees applied for writ of error.

*M. M. Crane* and *N. H. Tracy,* for appellees, applicants for writ of error.

*Ford, Chambers & Sharp, J. K. Freeman,* and *M. J. Moore,* for appellants.

GAINES, CHIEF JUSTICE.—This is an application for a writ of error, and we are of opinion that it should be dismissed.

The applicants were defendants in the trial court and the trial resulted in a verdict. and judgment in their favor.  The cause having been appealed, the Court of Civil Appeals adjudged that the judgment should be reversed and the cause remanded for a new trial.  In this result all the judges concurred; but the opinion of the majority announced a proposition of law, applicable and perhaps necessary to a proper decision of the case upon a new trial, to which one of the judges filed a written dissent.  The judgment of the court reversing the judgment of the trial court and remanding the cause was entered on the 3d day of June, 1903.  On the 15th day of the same month the appellees filed a motion for a rehearing, and on the 18th they also filed a request for additional findings of fact, and also a motion that the Court of Civil Appeals should certify the question of dissent and also other questions to the Supreme Court.  On the day last named the court overruled the motion for a rehearing and also the motion for additional findings of fact, but granted the motion in so far as to certify the point of dissent. That question was accordingly certified to this court, and was here set down for a hearing on the 18th day of January, 1904.  However, on December 12, 1903, the appellees filed in this court a petition for a writ of error and at the same time filed a motion asking that the hearing of the certified question be postponed until the application for the writ of error should be determined.  On the 20th day of January, 1904, an agreement was filed in this court, signed by counsel for all parties, consenting that this court should first pass upon the application for a writ of error, and in case it was granted, the certificate of dissent should be disregarded; but that in case it should be refused, the question of dissent should be heard and determined.

This is a proceeding without precedent in this court, and it seems to us a very anomalous one.  Articles 1040, 1041 and 1042 of the Revised Statutes contain the only provisions of our law which authorize the

courts of civil appeals to certify questions of dissent. They are as follows:

"Art. 1040. When any one of said courts of civil appeals shall in any cause or proceeding render a decision in which any one of the judges therein sitting shall dissent as to any conclusions of law material to the decision of the case said judge shall enter the grounds of his dissent of record, and the said court of civil appeals shall, upon motion of the party to the cause, or on its own motion, certify the point or points of dissent to the Supreme Court.

"Article 1041. When a certificate of dissent is sent up by any court of civil appeals it shall be the duty of the clerk to send up a certified copy of the conclusions of fact and law as found by the court, and the questions of law upon which there is a division, and the original transcript, if so ordered by the Supreme Court, and thereupon, if the Supreme Court so direct, the clerk shall set down the same for argument and notify the attorneys of record.

"Art. 1042. After the question is decided the Supreme Court shall immediately notify the court of civil appeals of their decision, and the same shall be entered as the judgment of said court of civil appeals."

It is clear that the purpose of allowing a question pending before the Court of Civil Appeals to be certified for the decision of this court, is to guide that court in the ultimate determination of the case. Therefore the Court of Civil Appeals must retain jurisdiction of the case until they are officially notified of the answer of the Supreme Court to the question certified and until it has acted in accordance with that answer. That such was the course of procedure contemplated by our statute is shown by the language of article 1042, already quoted. The words "and the same shall be entered as the judgment of said court of civil appeals" must necessarily mean, as we apprehend, that that court shall proceed to make a final judgment in accordance with the decision of the Supreme Court: that is to say, if the Supreme Court shall concur with the majority of the Court of Civil Appeals the latter court shall affirm its previous ruling: if not it shall reverse that ruling and enter judgment accordingly. Until the Supreme Court has decided a question of dissent which has been certified and the Court of Civil Appeals has acted upon its decision, the decision of the Court of Civil Appeals is suspended and the judgment it has previously rendered has not that quality of finality which is necessary to give this court jurisdiction to grant a writ of error.

It may be that where a certificate of dissent has been sent to this court upon motion of one of the parties to the cause, such party has the right to waive the certificate and to apply for a writ of error. It would seem, however, that in such a contingency the proper practice would be to apply to the Court of Civil Appeals for the withdrawal of the certificate, when that court might either grant the motion or let the certificate stand as a certificate upon its motion. Here we are asked to disre-

gard the certificate only in the event we grant the writ of error. Besides in this case the appellees did not simply move the Court of Civil Appeals to certify the question upon which the judges of that court disagreed, but requested that other questions be certified. The Court of Civil Appeals certified the question of dissent only. It may be that they would have certified the question without motion or request therefor.

We conclude that so far the judgment of the Court of Civil Appeals is not final and that therefore no writ of error lies thereto. Rev. Stats., art. 941.

The application for the writ of error is therefore dismissed.