## A. P. McCord et al. v. W. M. Sprinkel et al.

### No. 2176.   Decided April 17, 1912.

**1.—Practice in Supreme Court—Rulings Settling Case—Rendering Judgment.**

Where writ of error in a cause reversed and remanded with instructions is obtained on the ground that the rulings settle the case, the rights of defendant in error which such order left to be ascertained by the trial court being conceded by the applicants for the writ, the Supreme Court, on finding the rulings of law complained of correct, will enter final judgment treating the facts establishing such rights as settled by the application.   (P. 154.).

**2.—Assignment for Creditors—Fraud—Setting Aside Sale—Recovery for All Creditors Accepting—Trust Fund—Intervening Creditors.**

Sale of property assigned in trust for benefit of accepting creditors having been set aside in an action by certain of them suing on behalf of all, on the ground of fraud, the assignee being interested in the purchase, the judgment recovering such property was affirmed on appeal and the cause remanded to the trial court with directions to remove the assignee and administer the trust. The creditors bringing such suit then proceeded to settle with defendants for the property recovered and appropriate the proceeds to discharge of their own claims and attorney fees, to the exclusion of creditors not joining in the action. The latter intervened, setting up their rights as accepting creditors in the judgment recovering the property from defendants.   Held:

(1) No equities existed in favor of the original defendants as against the interveners, and no offer by the latter to do equity was necessary.

(2) There was no necessity for interveners to allege that a balance would remain after settling the claims of the original plaintiffs.   The latter recovered as representatives of the estate of the assignors and acquired no preference over other accepting creditors in the distribution.

(3) The claims of interveners having been filed with the assignees within the time prescribed, no limitation ran against them while the estate was in the course of settlement.

(4) There was no necessity for action by the interveners until the plaintiffs repudiated the trust relation and sought to appropriate the proceeds to the settlement of their own claims alone, and the interveners were not guilty of laches.

(5) The original plaintiffs having abandoned their suit, which was for the benefit of all accepting creditors, the latter, as interveners, had the right to prosecute it and recover the property against the assignee as a fraudulent purchaser.

(6) An intervening creditor who had participated in the fraud by bidding in the property at the assignee's sale and afterwards transferring it to the assignee, was thereby deprived of his right to participate in the distribution.

(7) The Supreme Court, rendering final judgment for the recovery of the property fraudulently conveyed, order the removal of the assignee and remand of the cause for distribution of the estate pro rata among the accepting creditors not participating in the fraud.   The matter of the appointment of a receiver for administering the trust is left to the discretion of the trial court.

(8) The recovery is not affected by the unauthorized compromise between the original plaintiffs and defendants.   But the assignee is entitled to credit for payment to creditors thereby, not exceeding their pro rata share in the

distribution, and the original plaintiffs to costs and attorney's fees expended, to such amount only as may be shown to have contributed to the recovery of the funds of the estate. (Pp. 152-157.)

Error to the Court of Civil Appeals, Third District, in an appeal from Milam County.

For the previous history of this case see: Nabours v. McCord, 36 Texas Civ. App., 504, 75 S. W., 827, 82 S. W., 153, 193, 661; McCord v. Nabours, 97 Texas, 271; Nabours v. McCord, 97 Texas, 527; Nabours v. McCord, 100 Texas, 456; Nabours v. McCord, 103 S. W., 469; McCord v. Nabours, 101 Texas, 494; Sprinkel v. McCord, 129 S. W., 379.

*M. M. Crane, T. S. Henderson, Monta J. Moore, Hefley & Watson, Etheridge & McCormick* and *L. C. McBride,* for plaintiffs in error.— The filing of a suit by certain named creditors in behalf of themselves and other creditors, without naming such other creditors, does not make the latter parties, nor does such suit arrest limitation as to such other creditors. Rev. Stats., art. 1191; Houston Cemetery Co. v. Drew, 13 Texas Civ. App., 536; 12 Cyc., 43; Laidley v. Cline, 23 W. Va., 565.

Where plaintiffs in July, 1900, brought suit for the benefit of themselves and other creditors similarly situated, on a cause of action arising in May, 1897, and in the progress of the litigation suffer two adverse judgments in the trial court, and finally, and without the aid of and in opposition to such other creditors, after the lapse of eight years from the filing of the suit, and after ten or twelve opinions of the Appellate Courts, succeed in securing a recovery, such other creditors will not be permitted to intervene and secure the benefits of the recovery or conduct the litigation as against the attempt of the original plaintiffs to settle and dismiss·same, and certainly not unless they offer that the original plaintiffs' claims shall first be paid out of the recovery, or show that there will be an excess of assets or recovery over and above the original plaintiffs' claims. Lambie v. Weibert, 31 S. W., 225; MacArdell v. Olcott, 70 N. Y. Sup., 930; Jones v. Davenport, 45 N. J. Eq., 77; Friedmans, etc., v. Earl, 101 U. S., 301; Clark v. Figgins, 31 W. Va., 156; Senter v. Williams (Ark.), 32 S. W., 490.

*W. S. Banks* and *W. A. Morrison,* for defendants in error.—The filing of the plea in intervention on October 13, 1908, after the judgments of the Court of Civil Appeals and Supreme Court had fixed and decreed the right of recovery, and forty-two days before the original plaintiffs sought to or dismissed their suit, and the adoption by the interveners of the plaintiffs' pleadings and the recognition of the rights of the interveners by the trial court, in dismissing the plaintiffs without prejudice to interveners, related back to the filing of the original petition on July 10, 1900, and they were no more affected by limitation than were the original plaintiffs. Nix v. Dukes, 58 Texas, 96; Railway Co. v. Butler, 56 Texas, 506; 2 Perry on Trusts, sec. 594.

This suit having been brought as well for all other creditors of said assigned estate, as for the original plaintiffs named, these appellants had a right at any time before the final disposition of the case to intervene therein for their own protection, and any of them having done so, was sufficient to keep the case alive as from the original institution of the suit; and the recognition of them as parties plaintiff by the court in its judgment dismissing the plaintiffs, without objection on the part of the original plaintiffs, was in effect a judgment in their favor, establishing their rights to continue the suit, and which became final at the end of the term at which it was rendered, and it was too late for the defendants to complain thereat at a subsequent term of the court. McCord v. Nabours, 109 S. W., 914; Nabours v. McCord, 103 S. W., 469, 100 S. W., 1152, 82 S. W., 153, 193, 661, 80 S. W., 595, 75 S. W., 827; Hirshfield v. Fitzgerald, 46 L. R. A., 846; Iauch v. De Socarras, 39 Atl., 381; Lewis v. Laidley, 19 S. E., 378; Younger v. Massey, 19 S. E., 125; Bellmont Nail Co. v. Columbia Iron & S. Co., 46 Fed., 336; Smith v. Parsons, 33 W. Va., 644; Collins v. Taylor, 4 N. J. Eq., 163; Brinckerhoff v. Bostick, 99 N. Y., 194; Curlee v. Rene, 37 S. C., 214.

As there could be no priorities in the distribution of the fund sought to be recovered, and as the plaintiffs had, dismissed their part of the suit, and were gone from the court, the defendants were in no position to urge a failure on the part of the interveners to contribute to the expense of the plaintiffs.

In equity a trust fund is liable for and is made to bear all the necessary and legitimate expenses of administering such fund; and if the original plaintiffs have made expenditures in recovering the estate, and the estate is ultimately recovered, then their claim should be presented to the court administering the trust, and will then be allowed, as a first charge against funds or property recovered; or if, after the distribution of the estate, the interveners shall receive anything therefrom, or be benefited thereby, they will be liable to the original plaintiffs in a suit against them for their proportionate part of the necessary and legal expenses of recovering the trust property; but because they did not assume such facts without proof, and determine in advance in some extrajudicial proceeding that they were to be benefited, and the amount thereof, and make a tender of such amount in the way of a peace offering to the defendants, these facts do not justify the court in denying them the right to prosecute their suit. Trustee v. Greenough, 105 U. S., 527; Byrne v. Bank, 49 S. W., 706; Clark v. Pepper, 116 S. W., 353.

Mr. Chief Justice Brown delivered the opinion of the court.

The writ of error was granted because the decision of the Court of Civil Appeals practically settled this case. The litigation began prior to 1901 and grew out of a deed of assignment made by Crawford & Crawford on March 16, 1896, whereby they conveyed to A. P. McCord and T. S. Henderson the property described therein as assignees, to hold and administer for the benefit of the creditors of Crawford & Crawford. McCord and Henderson qualified under the statute, took possession of the property of the estate and proceeded

with the execution of the trust. The creditors involved in this litigation proved up their claims according to law, which claims were in due time filed with the trustees. The assignees sold the property of the estate in the form and manner required by law and Lawrence, one of the creditors and a party to this proceeding, purchased the property in controversy, and thereafter conveyed it to A. P. McCord, one of the assignees. A portion of the creditors instituted suit in the District Court of Milam County to remove McCord and Henderson as trustees and to appoint other trustees or a receiver to administer the estate. The case has been in this court three times prior to this. The litigation resulted in a judgment annulling the sale to McCord and a judgment also against the Milam County Oil Mill Company for certain sums paid to McCord as dividends on stock which belonged to the estate of Crawford & Crawford.

It is unnecessary to state the facts except those on which this proceeding is based. When this case was before us the third time, this court entered the following order therein:

"It is ordered that the judgment of the Court of Civil Appeals reversing and remanding this case be affirmed, and that this case be remanded to the District Court of Milam County, to be tried in accordance with the opinion of the Court of Civil Appeals, as modified by this opinion. It is further ordered that the defendants in error recover of the plaintiffs in error the costs of the Court of Civil Appeals, and that the plaintiffs in error recover of the defendants in error the costs of this court." (101 Texas, 494, 109 S. W., 918.)

After the case was returned to the District Court C. W. Lawrence, J. P. Scarbrough, W. M. Sprinkle and others, all defendants in error, filed petitions of intervention, setting up the facts necessary thereto. The dates of filing the petitions are not important. All except Lawrence joined in an amended petition of intervention.

The defendants in the original suit filed exceptions to the pleas of intervention to this effect: 1st. Interveners do not offer to do equity in that they do not offer to contribute to the expenses incurred by the plaintiffs. 2d. That they do not show that after the original plaintiffs' claims are paid there will be a balance available to them. 3d. That it appears that each claim was barred by the statute of limitations of two and four years. 4th. That interveners have been guilty of such laches and delays as to preclude them from any right in the recovery. 5th. That Lawrence was a party to the fraud. These exceptions were sustained by the court from which judgment the appeal was taken.

Instead of proceeding according to directions given by this court the plaintiffs compromised with McCord and the Mill Company and were proceeding to appropriate the proceeds to themselves and their attorneys which caused the intervention by defendants in error.

The plaintiffs in error allege in their application for writ of error that the "judgment of the said Court of Civil Appeals practically settles the case, for that plaintiffs in error have no defense to the interventions of defendants in error other than that set forth in their answer thereto, which answer must, in obedience to the decision of the said Court of Civil Appeals, go out on demurrer, and plaintiffs

in error concede the fact that defendants in error are 'accepting creditors of the assigned estate,' and the said decision of the said Court of Civil Appeals is final, and, therefore, because both of the finality of such decision and of the fact that it practically settles the case, this court has jurisdiction.''

Jurisdiction of this case is conferred upon this court by subdivision 8 of article 941 of the Revised Statutes, which reads as follows: ''When the judgment of the Court of Civil Appeals reversing a judgment practically settles the case, and this fact is shown in the petition for writ of error, and the attorneys for petitioners shall state that the decision of the Court of Civil Appeals practically settles the case, in which case, if the Supreme Court affirms the decision of the Court of Civil Appeals, it shall also render final judgment accordingly.''

Under the allegations and the admissions in the application this court will proceed to enter such judgment as the Court of Civil Appeals should have entered.

The only fact left open to inquiry by the judgment of the Court of Civil Appeals being admitted, this court will enter final judgment affirming the judgment of the Court of Civil Appeals unless it appears that the judgment is erroneous as a matter of law.

The exceptions of the defendants McCord and the Milam County Oil Mill Company were improperly sustained by the trial court and the exceptions of the interveners to the special pleas of the defendants, except as to the claim of Lawrence, should have been sustained.

We will briefly examine the questions presented by the exceptions, all of which have been correctly decided by the Court of Civil Appeals, but a restatement here is necessary that the action of this court may be understood from this opinion.

1st.   In no phase of the case were there any equities in favor of McCord and the Oil Mill Company due from the interveners, hence no offer to do equity was appropriate.

2d.   The original plaintiffs represented the estate of Crawford & Crawford and did not acquire a prior right in the subject matter of the litigation, which, upon recovery, will become a fund for distribution by the court among the accepting creditors, the original plaintiffs having no preference, there was no necessity to allege that there would be a balance after paying plaintiffs.

3d.   The claims of interveners having been filed with the assignees within the time prescribed, no limitation could accrue thereafter while the estate was in the course of settlement.

4th.   The original plaintiffs being the representatives of the estate and the interveners, there was no necessity for interveners to take action until the plaintiffs repudiated the trust relation and undertook to appropriate the assets to themselves, there being no need for action; a failure to act does not constitute laches.

5th.   Certainly, Lawrence's participation in the fraud can furnish no defense for McCord against recovery by other creditors for the estate, but will be considered as to Lawrence himself.

The suit by the original plaintiffs was for the benefit of the estate, that is, for all accepting creditors.   Nix & Storey v. Dukes, 58 Texas,

96; McCord v. Nabours, 101 Texas, 494. The plaintiffs having abandoned the case the interveners had the same right to recover the property for the estate that the plaintiffs had.

The recovery in this case rests upon the fact that the conveyance by Henderson, & McCord to Lawrence and the conveyances by which it was returned to McCord constituted a fraud in law and was void. We are of opinion that Lawrence can not recover property from McCord which he, Lawrence, had fraudulently conveyed to McCord. The plaintiffs in the original suit had no authority to compromise the rights of the estate and the fact that it was so made constitutes no defense to this action. Its terms can not affect this case. The Mill stock still belongs to the estate of Crawford & Crawford, unaffected by any sale made during the pendency of this suit. The settlement of the fee of counsel employed by plaintiffs gives no right to McCord against the interveners or the estate; that must be settled by the District Court in adjusting the equities of the creditors of the assigned estate, if the facts require its adjustment. Such claims constitute no defense to this action, and can not be adjusted in this suit. The attorney's fees which may have been contracted for by any of the interveners can not be set up as a defense in this suit. It is a matter in which the estate is not interested and should be settled with those parties and not permitted to complicate this proceeding. The special pleas of plaintiffs in error presented no defense to this proceeding.

We have gone over the ground covered by the excellent opinion of Chief Justice Key in order to connect with our judgment the facts upon which it must rest and to express the reasons which lead to our conclusions.

It is ordered that McCord be and he is hereby removed as assignee of Crawford & Crawford, and it is further ordered that the judge of the District Court of Milam County appoint a suitable disinterested and competent person to be receiver for the estate of Crawford & Crawford, such receiver to qualify and give bond as the law requires; that said receiver shall take charge of the assets of said estate and shall demand and receive of McCord all of the property of the estate which he conveyed to Lawrence which was reconveyed to him. Said receiver may claim and take the property in kind or he may demand and recover the value of same.

It is ordered that judgment be and is hereby entered that Lawrence take nothing by this action and that he shall receive nothing in the distribution of the assets hereby adjudged to the estate of Crawford & Crawford, and that said Lawrence pay all costs which have accrued or may accrue by reason of his intervention herein.

It is further adjudged that the interveners, except Lawrence, recover of McCord and the Milam County Oil Mill Company their costs accruing in the prosecution of their interventions. The receiver will recover from McCord all dividends which have been paid to him upon the Oil Mill stock within less than four years prior to the institution of this suit and shall recover from McCord and the Milam County Oil Mill Company all dividends declared and paid upon the said stock since the time notice was served upon said Oil Mill Com-

pany of the filing of the amended petition, which made it a party to this suit, with legal interest.

McCord will be entitled to receive credit in this proceeding for so much of the money received from Lawrence as was by him paid to the accepting creditors and also for the services rendered by him to the estate, as assignee, exclusive of the sale to Lawrence as has not been heretofore allowed.

The district judge will cause the clerk of the District Court of Milam County to certify to this court the name of the receiver who shall be appointed and the fact of his qualification to be filed with the record in this court. The receiver in this case shall be under the control of the judge of the District Court as in other cases.

In the settlement of the estate the compromise between McCord and the Mill Company and the original plaintiffs will not be considered except that if McCord has settled with the said plaintiffs, or any one of the creditors of the estate, McCord should receive credit for the amount paid to such creditors, not to exceed the pro rata to which such creditor or creditors may be entitled to receive from said estate. McCord and the Mill Company may pay the debts of the accepting creditors and all costs and charges against said estate and receive a discharge from liability to said estate, and if this is done to be certified to us.

The original plaintiffs will be entitled to be reimbursed for attorney's fees and costs in their proceeding to such amount only as may be shown to have contributed to the recovery of the funds of the estate.

In the settlement of the estate and distribution of the funds the District Court will be governed by the principles of law announced by this court in this and former opinions.

It is further ordered that the judgment of the Honorable Court of Civil Appeals be affirmed and that this case be remanded to the District Court of Milam County to be proceeded with in accordance with this opinion. The defendants in error will recover of McCord and the Milam County Oil Mill Company all costs of all of the courts.

Opinion filed December 13, 1911.

*Judgment of Court of Civil Appeals affirmed and case remanded with instructions.*

ON MOTION FOR REHEARING BY DEFENDANT IN ERROR, C. W. LAWRENCE.

No argument can conceal the fundamental fact that the act of McCord in acquiring the property of the estate for which he was trustee was a fraud which the court would not dignify with an inquiry as to motive. Lawrence, one of the beneficiaries, joined with McCord and served as the means by which McCord could accomplish his unlawful purpose, therefore if Lawrence had sued McCord for the property he could not have recovered. The funds on hand are the proceeds of that property and must be dealt with the same as the property would be if it were involved in this proceeding. This court

would stultify itself if it should force McCord to disgorge the property which passed to him through Lawrence in a fraudulent transaction and then reward Lawrence by giving him a share of what he had aided to deprive his fellow creditors of. The motion is overruled.

There is also a motion on file asking a modification of our judgment so as to dispense with the appointment of a receiver or trustee to which there is opposition by the representatives of one of the assignors. The district judge has ample powers to properly adjust the rights of the parties. We have, therefore, concluded that it will be better to so modify our judgment as to leave the matter to the sound discretion of the judge of the District Court to appoint a receiver or not, as he may deem best, and to proceed to settle the estate in accordance with the opinion of this court.

Opinion filed April 17, 1912.

ASSOCIATE JUSTICE PHILLIPS did not participate.