BASS et al. v. McCORD et al.    (No. 5502.)

(Court of Civil Appeals of Texas. Austin. June 16, 1915.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞363—RIGHTS OF HEIRS OF ASSIGNORS—ACTION TO RECOVER BALANCE—LACHES.

A suit by creditors against assignees for the benefit of creditors, resulting in the setting aside of a fraudulent conveyance by an assignee to a grantee, who reconveyed to him according to an understanding, inured to the benefit of the heirs of the assignors, and made the assignees trustees of such property after payment of creditors, so that a suit by the heirs to recover the balance, brought within two years after final judgment in the creditor's suit, was not subject to the defenses of laches or limitations; and, where the petition negatived any report by the assignees, as contemplated by Vernon's Sayles' Ann. Civ. St. 1914, art. 106, providing that an assignee who has fully

performed the duties of his trust and desires to be discharged may file a report of his proceedings in the office of the county clerk, and that no action shall be brought against him on anything done under the assignment as shown by the report, except within 12 months from the filing thereof, the general law of limitations was not applicable.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 1101–1103; Dec. Dig. ☜363.]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☜363—ACTION BY HEIRS OF ASSIGNORS TO RECOVER BALANCE—SUFFICIENCY OF PETITION.

A petition by the heirs of assignors for the benefit of creditors to recover the balance due the estate from the assignees after payment of debts, alleging that the assignees had fraudulently conveyed part of the property to one who, pursuant to an understanding, had reconveyed to one of the assignees; that one of the assignees had conveyed certain parts thereof for an inadequate consideration to the other defendants, who had knowledge of the fraud; that in a suit by creditors the first conveyance had been adjudged fraudulent and an order made that on payment of all accepting creditors the estate should be closed and the assignees discharged—stated a good cause of action.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 1101–1103; Dec. Dig. ☜363.]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by Anna F. Bass and others against A. P. McCord and others. Judgment for defendants dismissing the petition, and plaintiffs appeal. Reversed and remanded.

Sleeper, Boynton & Kendall, of Waco, for appellants. Etheridge, McCormick & Bromberg, of Dallas, Wear & Frazier, of Hillsboro, T. S. Henderson, of Cameron, and Crane & Crane, of Dallas, for appellees.

RICE, J. In 1896 Wilbur F. and Frank M. Crawford were partners, conducting a banking business in Cameron, under the name of the Milam County Bank, as well as a general business under the firm name of Crawford & Crawford. On the 16th of March of said year they executed to A. P. McCord and T. S. Henderson a deed of assignment, conveying their property for the benefit of their accepting creditors. The assignees qualified and took immediate control and possession of said property and began the administration of said estate; and this suit was brought October 3, 1913, by appellants, who are the surviving wives and children of the said Crawfords, against said assignees, the Milam County Oil Mill, R. L. Batte, and the Cameron Cotton Oil Company to recover an alleged surplus of the value of $120,000, and certain property remaining in the hands of said assignees, as well as for other property held by the other defendants, or to impress the same with a lien for their benefit, as well as against T. S. Henderson for a one-half undivided interest in 519 acres of land out of the Jones league in Milam county, claimed to be the property of said assigned estate, alleging that both Wilbur F. and Frank M. Crawford died intestate in 1902, leaving appellants, their surviving wives and children, as their sole heirs; that the property conveyed by said deed of assignment was community property; that in 1897 said assignees fraudulently conveyed a considerable portion of said property to one Lawrence, with the understanding that he should reconvey the same to said McCord, which he subsequently did in 1898, and said McCord thereafter conveyed certain portions thereof for an inadequate consideration to the other defendants who had knowledge of such fraud; that thereafter on the 10th of July, 1900, W. A. Nabours and other accepting creditors brought suit in the district court of Milam county for the removal of said assignees and for cancellation of said deeds to Lawrence and from Lawrence to McCord, and praying that the property so conveyed thereby be declared the property of said estate, subject to the payment of its debts under said deed of assignment, which suit was finally determined in favor of plaintiffs therein. It is further alleged that a final order was made in said suit on May 23, 1912, wherein it was declared that upon the payment of all accepting creditors said estate should be finally closed and said assignees discharged. It is alleged that said suit inured to the benefit of said estate as well as such accepting creditors, and that appellants were not entitled to maintain any action against the defendants for the recovery of such surplus, or any portion, of said estate until after the entry of such final order. Appellees answered by general demurrer and numerous special exceptions, among others pleading the statute of limitation of 2, 4, and 10 years, laches and stale demand. The court having sustained all of said demurrers and appellants declining to amend, their petition was dismissed, from which judgment they have prosecuted this appeal.

It is deemed unnecessary to make a more extended statement of the matters involved, as a full history of the litigation may be had by consulting the following cases: Nabours v. McCord, 36 Tex. Civ. App. 504, 75 S. W. 827; Id., 82 S. W. 153, 193, 661; McCord v. Nabours, 97 Tex. 271, 78 S. W. 223; Nabours v. McCord, 97 Tex. 527, 80 S. W. 595; Id., 100 Tex. 456, 100 S. W. 1152; Id., 103 S. W. 469; McCord v. Nabours, 101 Tex. 494, 109 S. W. 913, 111 S. W. 144; Sprinkel v. McCord, 129 S. W. 379; McCord v. Sprinkel, 105 Tex. 150, 141 S. W. 945, 145 S. W. 903.

We have concluded that the demurrers were not well taken, and the court erred in sustaining them.

[1] The questions of limitation, laches or stale demand do not apply for the reason, we think, that there could be no surplus until

after the creditors had been fully paid. The chief purpose of this suit was to recover an alleged balance remaining in the hands of the assignees after the payment of the creditors of said estate. The assignees were trustees, holding this property for the benefit, first, of the accepting creditors, then if any balance remained it became their duty to return the same to the assignors or their heirs. It is alleged that there was a fraudulent conveyance of parts of this property by said assignees to Lawrence, which was subsequently reconveyed by him to McCord, in accordance with a previous understanding so to do. It seems to us that this property came back into the hands of said assignee charged with this trust. The suit of McCord v. Sprinkel, 105 Tex. 150, 141 S. W. 945, 145 S. W. 903, which resulted in favor of the plaintiffs, determined that such conveyance was in fraud of the creditors. This being true, then we think that such reconveyance by Lawrence to said assignee had no binding effect and stood just as if it had never been made. At any rate, if such conveyance should stand, certainly the assignees, who were trustees of said estate, must in equity be regarded as holding said property in trust for the benefit of said estate; and, after payment of the creditors of said estate who accepted, the balance remaining in their hands, if any, should be turned over to the assignors or their heirs. The result of said litigation of Nabours v. McCord, inured, we think, to the benefit of said estate; at least, we hold it would prevent the running of the statute of limitations as against any one interested therein. If the assignors had brought the suit a like result would have been had. Can it make any difference if the creditors brought the suit which resulted in setting aside such conveyances and determining that said property should go back into said estate and be administered for the benefit thereof? We think not. If we are correct in this view, it follows that since this suit was brought within 2 years after the final entry of judgment in Nabours v. McCord on May 23, 1912, the defenses urged would not apply.

In addition to what we have said, it may be suggested that the statute itself having prescribed a period of limitation for the settlement of trust estates of this character, the general law of limitation is not applicable. Article 106, Vernon's Sayles' Rev. Civ. Stats. provides that:

"Whenever any assignee shall have fully performed the duties of his trust and desires to be finally discharged therefrom, he may make a report of his proceedings under the assignment showing the moneys and assets that have come into his hands, and how the same have been disbursed and disposed of, the truth of which shall be verified by his affidavit; and such report shall thereupon be filed and recorded in the office of the county clerk of the county in which the assignment is recorded; and no action shall be brought against such assignee by reason of anything done by him under the assignment as shown by his report unless the same be brought within twelve months from the time of the filing thereof, as aforesaid."

Said petition specifically alleges that said "assignees have made no accounting to your petitioners or as assignees of their administration of said assigned estate of said Crawfords, as aforesaid, or accounted to your petitioners for the surplus or any portion thereof remaining after settlement of the claims of accepting creditors under said deed of assignment," thus negativing the idea that any such report as contemplated by this statute has ever been made. Burrill on Assignments, section 408, says:

"The time for closing the trust is sometimes fixed by the assignment itself. If no time be limited, the assignee will be allowed what may be considered, under all the circumstances, a reasonable time for the purpose. Sometimes the trust will be considered as closed by lapse of time. As a general rule of equity, an assignee in trust cannot set up the statute of limitations against his cestui que trust; such direct trusts not being within the statute. The possession of the trust fund in the hands of the trustee or assignee is the possession of the cestui que trust for creditors, and is not held adversely to them. But after 20 years the law presumes the debts paid and the trust executed so far as respects creditors. It has been held, however, in Pennsylvania that the lapse of 17 years without corroborating circumstances was too short a time to raise a legal presumption that the objects of an assignment have either been accomplished or abandoned."

Having considered the remaining exceptions, we hold that they are without merit.

[2] Believing that the petition shows a good cause of action, we hold that the trial court improperly sustained the demurrers, for which reason its judgment is reversed, and the cause remanded.

Reversed and remanded.